FELLEY M. MILLER, APPELLEE, v. ANNA M. MILLER, APPELLANT.

FILED MAY 6, 1911. No. 16,434.

1. **Divorce:** EXTREME CRUELTY. "There may be extreme cruelty justifying a decree of divorce without physical injury or violence. Unjustifiable conduct on the part of husband or wife, which utterly destroys the legitimate ends and objects of matrimony, may constitute extreme cruelty." *Myers v. Myers*, 88 Neb. 656.

2. ———: ———. The mere fact that a husband and wife are living

apart when false charges of adultery are wantonly made by one spouse against the other does not of itself prevent such charges from constituting extreme cruelty.

3. ——: ——. The fact of separation is relevant and important only as it may aid in determining the question whether such charges caused great mental suffering on the part of the spouse wantonly and falsely accused.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland* and *George A. Magney,* for appellant.

*Wilcox & Halligan, contra.*

LETTON, J.

The plaintiff began this action in the district court for Deuel county on March 5, 1908. In the petition he sets up certain specific acts which he alleges constitute extreme cruelty on the part of defendant. On the 31st of July an amended petition, omitting the former allegations as to cruelty, was filed, alleging extreme cruelty on the part of the defendant by the writing of a letter to him about September 9, 1907, containing certain false and foul charges against him of adultery and unnatural crimes, of such a nature that they caused him great humiliation and mental anguish, and further charging that on or about July 8, 1908, she wrongfully and falsely made similar charges to certain acquaintances of plaintiff; that all of such charges were false and untrue, and caused him great shame, humiliation, and disgrace, as well as mental anguish and suffering. The defense amounts practically to a general denial, with a plea that the plaintiff is not a resident of Deuel county, and that his residence is in Douglas county.

The plaintiff is a railway mail clerk. He, together with his wife and a grown daughter by a former wife, resided in Omaha until July, 1905, at which time he filed a peti-

tion in the district court for Douglas county, praying for
a divorce from the defendant on the ground of extreme
cruelty.  He left defendant on that day and has resided
apart from her ever since.  An answer was filed, praying
that the divorce be denied and for a decree of separate
maintenance and support.  After the testimony was intro-
duced, the plaintiff dismissed the action without preju-
dice, but the court gave defendant a judgment for sup-
port in the sum of $25 a month.

1. About the time the first action for divorce was
brought, the plaintiff obtained permission from the post
office department to remove his residence from Douglas
county to Deuel county, where his brother lives.  Plain-
tiff's run extends from Omaha to Cheyenne.  He works
six days and rests for the next seven days.  He rents a
room in each of these cities to occupy while taking his
regular runs, but spends the time between runs at his
brother's home in Deuel county.  His daughter also makes
her home there during her vacations, but attends school
at North Platte while school is in session.  Plaintiff has
never voted in Deuel county, but has served as a juror
there, and he has not voted in Douglas county since he
moved.  We feel satisfied that he is a *bona fide* resident of
Deuel county and entitled to maintain this action in the
district court for that county.

2. It is unnecessary in the consideration of this case
to relate the acts and doings of the defendant which are re-
lied upon to sustain the decree of divorce. We are satisfied
that they would be sufficient to constitute extreme cruelty
on the part of a wife toward a husband if they were liv-
ing together at the time of their commission.  The par-
ties, however, at this time were living apart, and the ques-
tion is presented whether such acts constitute a sufficient
foundation for a decree of divorce under such circum-
stances, and when a decree for separate maintenance is
in force against the husband.  The actions of defendant
and the charges made by her, as testified to by the three
witnesses called by the plaintiff, were clearly of a nature

19

such as to bring him into public disgrace and ignominy. A person of whom' such words were spoken must necessarily suffer extreme shame, humiliation, and anguish of mind. The plaintiff testifies that he was thereby compelled to shun the busy streets, to keep away from his friends and acquaintances, and that he suffered extreme shame, humiliation, and mental agony.

An unfounded and malicious accusation of infidelity, when made by the husband against the wife, is usually held to constitute such extreme cruelty as to warrant a divorce. *Walton v. Walton*, 57 Neb. 102; *Ellison v. Ellison*, 65 Neb. 412. Cases holding the converse of this doctrine are not so common, but, upon principle, where the accusations are of the gross and vile nature of those made by the defendant in this case, are wantonly and falsely made, and where they have the result testified to by the plaintiff, we see no reason why the sex of the injured party should change the rule. Perhaps where a charge of adultery is made by the wife, the tougher fibre of the male makes him better able to sustain the charge with equanimity than one of the gentler sex under a like accusation, and, hence, few cases are to be found where such an accusation made against the husband, standing alone, is held to be extreme cruelty. But, where the charge is bestiality and unnatural crime, and the result of the accusation is shown to be as destructive of the purpose of the marriage relation as that of a false charge of adultery against a wife, the matter of sex alone should make no difference in the legal effect. *MacDonald v. MacDonald*, 155 Cal. 665; *Myers v. Myers*, 88 Neb. 656.

Upon the question of the effect of the separation upon the right of the husband to a divorce for extreme cruelty consisting of false and scandalous charges, we are of the same opinion as that expressed by the supreme court of California in *MacDonald v. MacDonald, supra*, which is, substantially, that the mere fact that the parties are living apart when false charges are maliciously made by one spouse against the other does not necessarily prevent

such charges constituting extreme cruelty. It is relevant and important only as it may aid in determining the question whether such charges inflicted grievous mental suffering upon the injured party. See, also, 1 Bishop, Marriage, Divorce, and Separation, secs. 1282, 1300, 1302, 1306; 1 Nelson, Divorce and Separation, p. 306. While the words and acts of the defendant perhaps were not so aggravating and unbearable as they would have been if the parties had been living together, yet the very fact that it is the wife who makes such charges against the husband must inevitably tend to render them more credible than if made by a stranger. We cannot see that the fact that the marriage bond has been weakened to a certain extent can or should operate to take away the sting and venom of false charges, or render that innocuous which under other circumstances would constitute such extreme cruelty as is recognized by the law as a just and proper ground for the entire dissolution of the marriage tie. The effect upon the plaintiff's peace of mind would be equally great in the one case as in the other.

We are disposed to view with charity some of the actions of the defendant in this case on account of her time of life, but under all the evidence we think the decree of the district court was justified. It is therefore

AFFIRMED.

FAWCETT, J., concurs in the conclusion.