[Civil Nos. 1327 and 1346. Filed April 27, 1914.]

[140 Pac. 209.]

J. A. LANDERS, Appellant and Plaintiff in Error, v. FRANK JOERGER, JOHN ROCK and MRS. T. E. McLANE, Appellees and Defendants in Error.

1. APPEAL AND ERROR—APPEAL FROM JUDGMENT—DISMISSAL—REVIEW.
An appeal from a judgment alone will not be dismissed on the ground that the appeal was not taken from the order denying a new trial, but the right of review will be restricted.

2. APPEAL AND ERROR—APPEAL—WRIT OF ERROR—DISMISSAL.—While a valid, subsisting appeal is pending in the supreme court a writ of error cannot be prosecuted, and, if prosecuted, will be dismissed.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ASSIGNMENTS—SUFFI-CIENCY.—Under Civil Code of 1901, paragraph 1586, as amended by Laws of 1907, chapter 74, section 21, providing that the brief of appellant must plainly state the errors complained of, and supreme court rule 8, subdivision 1 (14 Ariz. xliii, 126 Pac. xi), requiring assignments of error to distinctly specify each ground of error relied on and the particular ruling complained of, an assignment that the court erred in its judgment need not be considered, though an examination of appellant's argument may ascertain that the assignment is directed at the insufficiency of the evidence, though, on a proper assignment of error, the court must examine the evidence to determine its sufficiency to support the judgment.

4. WATERS AND WATERCOURSES—APPROPRIATION—ABANDONMENT—QUES-TION FOR JURY.—Whether an appropriator of water has abandoned the water, ditch, canal or other works depends on the facts of each particular case, and is for the jury.

5. WATERS AND WATERCOURSES—APPROPRIATION—ABANDONMENT—QUES-TION FOR JURY.—Where a squatter appropriated water for irrigation, and the owner obtained a judgment of ouster against him, and he then moved from the premises and took with him all his personal effects and dismantled the house in which he had lived, the question whether, in leaving the premises, he did so with the intention of abandoning his water right and the water, ditches and other works was one of fact, and a finding of the court will not be disturbed.

[As to what constitutes appropriation of water, see note in 60 Am. St. Rep. 799.]

APPEAL from a judgment of the Superior Court of the County of Cochise. Fred Sutter, Judge. Writ of error dismissed. Judgment on appeal affirmed.

The facts are stated in the opinion.

Messrs. Kibbey, Bennett & Bennett and Mr. J. L. Kingsbury, for Appellant and Plaintiff in Error.

Messrs. Doan & Doan, for Appellees and Defendants in Error.

ROSS, J.—The proceeding in this court is being prosecuted in two ways at the same time. The first record came here on appeal from the judgment. Subsequently it was brought here by writ of error.

The appeal is asked to be dismissed for the reason that it is not taken from the order overruling the motion for a new trial. The motion to dismiss for that reason is not tenable. In no case has this court decided or intimated that an appeal from the order overruling motion for a new trial was necessary to confer jurisdiction of the case in this court. On the contrary, the court has always taken jurisdiction of the case on appeal from the judgment only. The extent of our holding has been that an appeal from the judgment only limited or restricted our right of review.

The motion to dismiss the appeal is overruled.

There is also a motion to dismiss the writ of error proceeding, based upon various grounds.

The right to have the case reviewed by this court upon one or the other proceeding is evident. But, as we understand the law, while a valid, subsisting appeal is pending in this court, no other proceeding in the nature of an appeal or writ of error can be prosecuted. 2 Cyc. 523.

It is our opinion that the writ of error proceeding should be dismissed.

We will consider the case as upon appeal. The appeal is, as before said, from the judgment only. The appellant has filed two briefs in each case. They are identical, except in the number they bear. In the first brief there is no assignment of error whatever, but a general discussion of the facts and the law deemed applicable to the facts. In the second brief, which is denominated an "amended and supplemental brief for appellant and plaintiff in error," there appears what was intended as an assignment, which is as follows: "The

court erred in holding that the defendant, Landers, ever abandoned the use of the waters of the Barbacomari creek for irrigation of the lands occupied by him within the Barbacomari grant, and in holding that the right of the defendant [plaintiffs] to the use of the waters of said Barbacomari creek is prior and superior to the right of the defendant, Landers.''

Now, this general statement, when reduced to its final analysis, simply means that the court gave the wrong judgment. There is an entire absence of any suggestion as to why it was not a correct judgment. Taking this assignment as a premise, it could be argued that the court was without jurisdiction of the subject matter or parties; or that the complaint failed to state facts sufficient to constitute a cause of action; or that improper evidence was admitted or competent evidence rejected; or that the evidence fails to support the findings of fact; or that the findings of fact fail to support the judgment; or that the judgment is outside the issues. One of these is as definitely indicated by the assignment as any other error that might be named or imagined resulting in an erroneous judgment. It is really no such assignment of error as is required by the law and the rules of this court. By the rules of this court it is provided: ''All assignments of error must *distinctly specify each ground* of error relied upon, and the particular ruling complained of.'' Rule 8, subd. 1, Rules of Supreme Court (14 Ariz. xliii, 126 Pac. xi).

Paragraph 1586, Revised Statutes of Arizona of 1901, as amended by section 21, chapter 74, Laws of 1907, provides that the brief and argument of appellant ''must plainly state the errors complained of by him.'' It is only by an examination of the appellant's argument that we ascertain that his assignment is directed at the insufficiency of the evidence to support the judgment.

While, under the law as it formerly stood, and as held by this court in *Miami Copper Co.* v. *Strohl,* 14 Ariz. 410, 130 Pac. 605, and *Arizona Eastern R. R. Co.* v. *Globe Hardware Co.,* 14 Ariz. 397, 129 Pac. 1104, the appellant, in appealing from the judgment only, as in this case, invoked a review by this court of the judgment-roll alone and certain intermediate orders, and rulings affecting the merits of the case when properly preserved in the record, in the more recent case of *Steinfeld* v. *Nielsen, ante,* p. 424, 139 Pac. 879, it was held

that the legislature had extended the scope of review upon an appeal from the judgment only to an order overruling a motion for a new trial. We think the status of this case brings it within the rule laid down in *Steinfeld* v. *Nielsen*, and, upon a proper assignment of error, it would be our duty to examine the evidence to determine if it supports the judgment. Neither the order overruling the motion for a new trial, nor any of the grounds set forth in the motion, is assigned by appellant as error.

Under these circumstances, we think we should confine ourselves principally to an examination of the issues and the findings of fact, and, if the judgment follows the one, and is supported by the other, affirm it.

The contest, as shown by the pleadings, was over the ownership of certain waters of Barbacomari creek. The appellant's first appropriation was made in 1894, the appellees' in 1906 and 1908, as pleaded and found by the court. It is also found by the court that appellant, in 1908, abandoned the land he had theretofore occupied and irrigated, and ceased to use the waters, except in small and insignificant quantities until in 1912, when he attempted (not in pursuance of his former use and occupancy) to initiate a new and different appropriation of said waters.

Appellant was not the owner of the land that he had been irrigating on the Barbacomari grant. He was a mere "squatter" on the grant, and in 1908 the owners thereof obtained a judgment of ouster against him. In June of that year he moved from the place, and took with him all his personal effects and dismantled the house in which he had been living, leaving only the parts of it that could not be used again upon a homestead that he had taken up off the grant. In fact, he removed everything from the grant that was of practical use in his new home; even transplanted some of the fruit trees.

The question as to whether appellant had abandoned the waters or not is peculiarly one for a jury, or the court sitting as a jury. Kinney on Irrigation and Water Rights, section 1116, volume 2, says: "As to whether or not a water right, the water itself, the ditch, canal or other works have actually been abandoned or not depends upon the facts and circumstances surrounding each particular case, tending to prove the essential elements of an abandonment, namely, the intent and the

acts of the party charged with abandoning such a right. In other words, it is a question of fact, to be determined by the jury, or by the court, sitting as such."

The purpose of the owners of the grant in prosecuting their suit against appellant was to have it adjudged that he was occupying and cultivating their lands without legal right. The court, by its judgment, so found. He immediately removed his family from the premises and located on other lands some miles distant. It was for the trial court to say whether, in leaving the premises, he did so with the intention of abandoning his water right, the water itself, the ditches, and other works.

Our labors in this case have been greatly augmented by reason of the failure of appellees to file any brief whatever on the merits.

Writ of error dismissed. Judgment on appeal affirmed.

FRANKLIN, C. J., concurs.

CUNNINGHAM, J., Specially Concurring.—The controlling question discussed in the briefs and at the bar is whether the defendant had abandoned his claim of water right in 1908, and attempted to re-establish his claim in 1911, after the plaintiff's adverse rights had accrued. The assignments of error are not very definite, but the appeal is from the final judgment, after appellant's motion for a new trial had been made and denied, and paragraph 1231, Civil Code of Arizona of 1913, became effective October 1, 1913, before this appeal was submitted on January 23, 1914, so that said paragraph 1231, Civil Code of Arizona of 1913, authorizes this court to review the action of the lower court in denying the said motion. One of the grounds assigned for a new trial is: "That the facts found by the court are not supported by the evidence in the case." Paragraph 588, Civil Code of Arizona of 1913, provides: "When findings of fact have been made upon the general ground (motion for a new trial) that the evidence is insufficient to sustain the findings of fact, the (trial) court shall review the sufficiency of the evidence to sustain such findings without the particular findings being specified in the motion." The court filed findings of fact, the ninth paragraph of which is: "That the attempted acts

of said defendant, Landers, in April, 1912, set forth in the
complaint, were not in pursuance of his former occupancy
or use of said water, but were done in pursuance of a new
and different object and plan of irrigation arranged for
and agreed with the owners in fee of said lands.'' The
motion for a new trial required the trial court to review the
sufficiency of the evidence to sustain this finding. Paragraph
588, Ariz. Civ. Code 1913. When the motion was made and
denied, this court is required on appeal from the final judg-
ment, to review the action of the court below in denying the
motion. Paragraph 1231, Ariz. Civ. Code 1913. We are
therefore authorized to review the sufficiency of the evidence
to sustain this finding of fact. Defendant's witness Mc-
Whorter testified that he entered into an agreement with de-
fendant, Landers, in February, 1912, to put in (plant in
crops) a portion of the grant. Defendant admitted he re-
mained upon the land after 1908, by permission of the owners
of the grant, and the owners testified they gave him permis-
sion to remain on the land after that date. The evidence is
fairly convincing that Landers remained upon the land and
used the water under a very different claim from that asserted
by him prior to a judgment of ouster entered against him
on May 18, 1907, in favor of the owners of the grant. Plain-
tiffs Joerger and McLane initiated their water rights in 1906,
and enlarged them each year for a number of years. Plain-
tiff John Rock initiated his water rights in 1908. So, when
defendant, Landers, was ousted from the possession of the
land and water by the judgment of ouster of 1907, all his
rights to prior appropriation were extinguished by the said
judgment. He returned to reclaim such rights in 1908, and
thereafter, by permission of the owners, and in 1912, made
some special arrangement to cultivate a larger area of the
grant lands. The rights of the plaintiffs had accrued as
against the claims of rights of defendant prior to 1908. The
defendant admits that the basis of his claim was changed
from one in his own right prior to 1907 to one of permission
from 1908. Without any doubt the evidence of defendant
and his witnesses establishes the fact that defendant did
abandon all his claim of water rights after the said judgment
of ouster was rendered against him.

The evidence fully sustains the finding of fact, and supports the judgment.

For these reasons, I concur in the order affirming the judgment.

---

NOTE.—On the question of abandonment or loss of rights of prior appropriations of water, see note in 30 L. R. A. 265.