[Civil No. 1427.    Filed May 1, 1915.]

[148 Pac. 294.]

## J. R. BROUGHT, Appellant, v. PIERREPONT MINOR, Appellee.

1. APPEAL AND ERROR—TRANSCRIPT OF TESTIMONY—AUTHENTICATION—NOTICE TO APPELLEE.—Where appellant failed to give appellee notice of the filing of the transcript of the reporter's notes or to have them remain on file with the clerk for 20 days before being presented to the judge for authentication, the transcript must be stricken; since the appellee is thereby deprived of his right to call the judge's attention to any error in the notes before they are approved.

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—OBJECTION—WAIVER.—Assignments of error which are not sufficiently specific under the rules will nevertheless be considered where the appellee failed to comply with Civil Code of 1913, paragraph 1262, providing that the appellee, if he deems the assignments of error insufficient or defective in form, shall within ten days after the service of appellant's brief serve a written notice setting forth his objections to the assignments, and thereafter the appellant may amend his assignments, and that any objection not specified in the notice shall be deemed waived by the appellee.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—WAIVER—FAILURE TO ARGUE.—Assignments of error not argued in the brief will be deemed waived.

4. FORCIBLE ENTRY AND DETAINER—JUDGMENT—CONDITION.—In an action for forcible entry and detainer, where the jury rendered a verdict of guilty, the court can only give judgment for the restitution of the premises and for costs and rent due, and a condition in such judgment that the plaintiff recover possession only on payment to the defendant of a sum of money is irregular and voidable on direct attack.

5. Appeal and Error—Modification of Judgment—Provision Favorable to Appellant.—Where defendant assigned as error the insertion of such condition in the judgment, the judgment will be modified by directing the condition to be stricken therefrom, though apparently it was in favor of defendant.

6. Appeal and Error—Review—Scope of Appeal.—On an appeal from a judgment and order denying a new trial in forcible entry and detainer, error cannot be assigned to the form of the writ of restitution issued under the judgment.

· 7. Judgment—Conclusiveness—Matters Concluded—Forcible Entry and Detainer—Removal of Buildings.—In forcible entry and detainer the only issue is plaintiff's right to recover possession of the premises described in the complaint, and a judgment for him does not bar proper proceedings by defendant to enforce his right to remove the buildings therefrom.

APPEAL from a judgment of the Superior Court of the County of Maricopa. John C. Phillips, Judge. Modified and affirmed.

Mr. C. D. Jamison and Mr. H. W. Clark, for Appellant.

Mr. Richard E. Sloan and Mr. James Westervelt, for Appellee.

FRANKLIN, J.—This is a statutory action of forcible detainer. It is brought under chapter 5 of title 6 (paragraphs 1525–1552), Civil Code of 1913, and has for its purpose a trial of the right of actual possession to that certain real property situate in the city of Phoenix, Arizona, and described as lots 10 and 12 of said city; the same being the premises upon which the building known as the Savoy Theater stands. In the superior court the action was tried on its merits, and, the jury having found the appellant guilty of forcible detainer of the property described, a judgment of the court for the plaintiff for a restitution of the premises was given.

On the threshold of a consideration of this appeal we feel constrained to observe that appellant has not given that attention to the preparation of his appeal for presentation to this court that the law and the rules of this court require; the result being that we have experienced infinite perplexity in trying to grasp the grounds of the appeal, and ascertaining what questions we are asked to consider and upon which reli-

ance is had for a reversal of the judgment of the superior court. The difficulties we encounter have beset the appellee also, and he frankly states in his brief an inability to make such reply as the merits of the case require, from a lack of understanding as to what precise points are at issue on the appeal. What purports to be an abstract of the record is merely a recital of the events occurring during the progress of the cause and utterly fails to incorporate such portions of the record as are necessary to inform this court of the errors relied upon. On motion of the appellant a cross-appeal by appellee in this case was dismissed for want of jurisdiction, for the reason that neither the appellant nor his attorney was given the notice of appeal required by statute. *Pierrepont Minor* v. *J. R. Brought* (No. 1436), *ante,* p. 27, 148 Pac. 297, just decided.

On motion of the appellee in the instant appeal we made an order striking from the files the transcript of the reporter's notes. We were compelled to do this because the appellant failed to give the appellee any notice of the filing of the transcript of the reporter's notes, and also because such transcript of the reporter's notes was not allowed to remain on file with the clerk of the superior court for the full period of 20 days before being presented to the trial judge for a certification of its authenticity. It is perfectly obvious that, if the appellee is not given the required notice of the filing of the transcript, and the same is not allowed to remain on file with the clerk for the required time before being certified by the trial judge, the appellee is denied a most important right; that is, an opportunity to specify wherein it is defective and suggesting and setting forth such amendments as may be necessary to make it correct before presentation to the trial judge. This in order that when the transcript is certified to by the trial judge its integrity as a record speaking absolute verity may not be assailed. Unless parties prosecuting an appeal pay strict regard to the statutory requirements in this behalf, it must follow that the spirit and purpose of the law, which is to give those interested a full opportunity to make the record speak the truth, will be defeated, and a consideration of such a record by this court must therefore, by reason of such omission, be denied.

Appellee also complains of the insufficiency and uncertainty of the assignments of error. That the same are not sufficiently explicit or specific to bring them within the rules as proper assignments of error. The assignments of error are very general and indefinite, and the criticism thereof by appellee is not unfounded. But appellee has not pursued the course outlined by paragraph 1262 of the Civil Code of 1913, and we shall strive to consider them as best we may.

There are 14 assignments of error:

"First. The trial court erred in denying defendant's motion to quash the writ of summons and the return upon the same.

"Second. The trial court erred in issuing the venire for a trial jury at the time the writ of summons was issued."

These two assignments are not argued, and are passed under the well-known rule that an assignment of error not argued in the brief will be deemed waived.

"Third. The court erred in denying the defendant's motion in arrest of judgment.

"Fourth. The trial court erred in denying defendant's motion for a new trial.

"Fifth. The court erred in admitting in evidence, over the objections of the defendant, a copy of the notice to quit offered by the plaintiff.

"Sixth. The court erred in refusing defendant's evidence to show the terms of the contract in addition to the terms recited in the writing.

"Seventh. The court erred in refusing to allow the evidence offered by the defendant in. the· progress of the trial showing that the defendant paid the plaintiff $50 more than the amount specified in the writing.

"Eighth. The court erred in denying defendant's motion, made at the conclusion of the evidence, instructing the jury to return a verdict for the defendant, on the ground that the evidence did not show that a legal tender of $1,000, called for by the contract, had been made by the plaintiff to the defendant.

"Ninth. The court erred in its finding of facts at the conclusion of the evidence.

"Tenth. The court erred in pronouncing its judgment for the plaintiff.

"Eleventh. The court erred in pronouncing a conditional judgment, that is, a judgment based upon the right of the plaintiff to pay or not to pay into the court the amount of $1,000, which sum should have been tendered and have been made good as a tender on the 1st day of May, and subsequent thereto, and for the further reason that the said amount of $1,000 should not have been cut down by a judgment of $400 uncalled for by the complaint of the plaintiff, and not submitted to the jury trying said cause by the court pronouncing said judgment in favor of the plaintiff and against the defendant.

"Twelfth. The court erred in refusing the instructions asked by the defendant, and in giving the instructions asked by the plaintiff.

"Thirteenth. The court erred in granting the injunction allowed in this case on plaintiff's complaint, the defendant being thereby deprived of a part of the time allowed him by the statute wherein to appeal.

"Fourteenth. The court erred in failing to grant a proper writ of restitution in this case. The evidence showed that, under the contract, the plaintiff was entitled to be restored to the possession of the lots only as specified in his complaint, if entitled to any relief at all, and yet the writ of restitution directed the officer in whose hands it was placed to put the plaintiff in possession of the lots mentioned in the complaint, the buildings thereon erected by the defendant, and the personal property in and upon the same, which direction the officer complied with."

The assignments of error numbered 4 to 9, inclusive, call for an examination of the transcript of reporter's notes, which is not before us. The tenth assignment is not argued, but will be considered in connection with other assignments which are more specific, and upon which argument is made.

The eleventh assignment of error has merit. The court admittedly did err in the conditional portion of its judgment. In this sort of an action, if the jury return a verdict of guilty of forcible detainer, the court should give judgment for the plaintiff for the restitution of the premises, and for costs, and, at plaintiff's option, for all rent found to be due and unpaid at the date of judgment. The judgment of the court, among

other things, ordered a writ of restitution of said premises, and that plaintiff further recover his costs:

"Provided that, before such writ shall issue, plaintiff pay into court for the use of defendant the sum of one thousand. ($1,000.00) dollars, less the rental value of the premises at the rate of four hundred ($400.00) dollars per month from and beginning with the 1st day of May, 1914, until the date of issuing said writ."

It is clear that the court was not authorized by law to make any such provision as a condition of issuing the writ of restitution, and the judgment in this particular is irregular and voidable upon direct attack. *Consolidated Mining & Prospecting Co.* v. *Huff,* 62 Kan. 415, 63 Pac. 442.

The appellee by way of cross-appeal attempted to press this contention upon us, but, as that appeal was dismissed for want of jurisdiction, it would not have been necessary to notice the matter, but for error on that account being assigned by appellant in this appeal. It appears to us that the imposition of the condition complained of is in favor of appellant, but of this we are not clear, and it may be that such condition militates against some right of appellant of which we are not advised. But, however this may be, the irregularity being complained of, we must modify the judgment by directing the elimination of the condition imposed therein.

The twelfth assignment is not argued.

The thirteenth assignment is not argued in the brief, but, aside from this omission, it evidently refers to the ruling of the court in a case other than the one before us on appeal. The record is silent as to the issuance of an injunction.

The fourteenth assignment of error is not within the scope of this appeal. The appeal is from the judgment and from an order denying a motion for a new trial, and the error complained of relates to the form of a writ of restitution issued under the judgment.

But, as we have said, the only issue in this case is the right of the appellee to the actual possession of the premises in controversy. If he is entitled to the actual possession of lots 10 and 12 in block 9 of the city of Phoenix, it would not be possible to give him possession of the lots without possession of the buildings erected thereon. Whether under appellant's contract with appellee the appellant has the right to remove

any buildings located on the lots described is not, and could not be, an issue in this kind of action. If the appellant has such right to remove any buildings now located on said lots, he may assert that right in a proper action, and nothing in this case or on this appeal forecloses him of an opportunity to do so. In fine, the only matter determined in this case is the right of appellee to the actual possession of the property described in the complaint.

This is a simple statutory action of forcible detainer. The issue in the case is clear, and, having been submitted to a jury, and the appellant found guilty of a forcible detainer, and the judgment of the court following the verdict, and being supported by the law, except in the particular stated, we have no authority to reverse it.

The cause is therefore remanded to the superior court, with instructions to modify the judgment by expunging therefrom these words, to wit:

"Provided that, before such writ shall issue, plaintiff pay into court for the use of defendant, the sum of one thousand ($1,000.00) dollars, less the rental value of the premises at the rate of four hundred ($400.00) dollars per month from and beginning with the 1st day of May, 1914, until the date of issuing said writ."

And, as so modified, the judgment and order are affirmed.

ROSS, C. J., and CUNNINGHAM, J., concur.