[Civil No. 1790.   Filed November 24, 1920.]

[193 Pac. 303.]

## JOSEPH P. SMITH, T. P. KINGREY and V. DU BOIS, Appellants, v. ARIZONA ENGINEERING COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—ASSIGNMENT NOT POINTING OUT ERRORS IS INSUFFICIENT.—An assignment that the court erred in denying defendant's notice to set aside the sale on execution fails to point out the particulars in which the ruling was erroneous, as required by Civil Code of 1913, paragraph 1261, and the rules of the court.

2. APPEAL AND ERROR—INSUFFICIENT ASSIGNMENT, NOT OBJECTED TO, MUST BE CONSIDERED.—Under Civil Code of 1913, paragraph 1262, an insufficient assignment of errors must be considered by the Supreme Court, where no objection to the assignment was made.

3. EXECUTION—IRREGULARITIES AT TRIAL AND JUDGMENT CANNOT BE CONSIDERED ON MOTION TO VACATE SALE.—Irregularities in the trial, or in the entry or the amendment of the judgment, cannot be raised by motion to set aside the sale under execution.

4. EXECUTION — UNCONSCIONABLY INADEQUATE PRICE GROUND FOR VACATING SALE.—The inadequacy of the price at a sheriff's sale on execution, when unconscionable, will justify setting aside the sale on motion.

5. EXECUTION—EVIDENCE HELD NOT TO REQUIRE VACATING SALE FOR INADEQUACY OF PRICE.—Evidence by six disinterested witnesses that mining stock had only nominal value at the time of execution sale, and that the price bid was reasonable, warranted refusal to set aside the sale on motion, though some time before and after the sale the stock had a market value considerably in excess of the bid.

APPEAL from a judgment of the Superior Court of the County of Mohave. J. E. Jones, Judge. Affirmed.

Mr. J. W. Hocker and Messrs. Sprowls & Downing, for Appellants.

Mr. Charles L. Lewis and Mr. E. E. Armour, for Appellee.

---

4. Grounds for vacating execution sale are discussed in note in 7 Am. St. Rep. 786.

ROSS, J.—December 1, 1917, appellee instituted suit for debt against appellants in the superior court of Mohave county, and at the same time caused a writ of garnishment to be issued and levied upon 248,750 shares of the stock of the Jamison Mines Company, a domestic corporation, as the property of appellants. The cause was tried April 25, 1917, and thereafter, in due course, judgment for $558.47, principal, interest and costs, was entered in favor of appellee against appellants. The appellants, at the time of bringing suit and service of process, were residents of California, but filed answers and were represented by attorneys at the trial, one of whom resided at Kingman, the county seat of Mohave county, and one at Los Angeles, California. The judgment as originally entered did not foreclose the garnishment lien against the property that had theretofore been levied upon. Afterward, however, upon notice to the appellants' attorney residing in Kingman, appellee moved the court to amend the judgment so as to show a foreclosure of the garnishment lien, and an order of sale. Upon a hearing, the amendment was allowed. Thereafter an execution or order of sale was issued and delivered to the sheriff of said county, who, after advertising according to law, on August 19, 1918, sold said 248,750 shares of stock to one George W. Kays for the sum of $558.47, being the amount of appellee's judgment.

Some time in May 1919, appellants filed what they have chosen to designate "Notice of Motion to Vacate and Set Aside the Sale Made under Execution," in which various reasons are set forth as grounds why the sale should be vacated and set aside, and at the same time made a tender of the amount of the judgment. After a hearing on said motion on August 12, 1919, it was denied by the court. It is from this order, that the appeal is prosecuted.

XXI Ariz.—40

The only assignment of error is in the following words:

"The court erred in denying defendants' notice to set aside the sale on execution."

This assignment does not comply with the rules of the court nor the statute (paragraph 1261, Civ. Code), in that it fails to point out the particulars in which the ruling was erroneous, but, inasmuch as no objection to the assignment was made, its insufficient and defective form will have to be overlooked by the court. Paragraph 1262, Civ. Code. *Brought* v. *Minor,* 17 Ariz. 28, 148 Pac. 294.

Any irregularities in the trial, the entry or amendment of the judgment cannot be raised by a motion to set aside the sale under execution. Such, if any exist, should have been presented upon appeal.

The contention that the service of the writ of garnishment, the advertisement of the sale, and the sale itself, were irregular and not in accordance with law, is without merit.

The principal ground urged to the lower court and now pressed here against the court's ruling is the inadequacy of the sale price of appellants' stock. The court heard evidence upon that question. One of the appellants testified the stock was worth twenty cents a share on the first day of May, 1919. Appellants also exhibited reports of the officers of the Jamison Mines Company to the Arizona Corporation Commission, dated July 10, 1917, showing that large blocks of stocks of said company had been sold for prices ranging from five cents to seventeen and one-half cents per share. Also a statement by the officers of said company to the Corporation Commission, showing large assets, consisting principally of its mines. It will be noted that this report and statement do not cover August 19, 1918, date of sale, but refer to values prior to July 10, 1917. The value of twenty cents per

share, fixed by one of the appellants, is likewise of another date, some nine months after the sale.

Some six disinterested witnesses, all residents of Mohave county, where the Jamison Mines Company's property is located, in an affidavit stated:

That they were well acquainted with the Jamison Mines Company and its properties on August 19, 1917, and with general conditions of business, and particularly the condition affecting the market value of mining stocks, and especially the stock of said company. That ''the said stock at that time had only a nominal value, and scarcely, if any, market value at all. The then condition of the properties and general adverse conditions of business in the county and the country were almost totally destructive of all deals and negotiations of stock of that character and of that stock in particular. The price to wit, $558.47, received for the stock offered for sale to them at the time above named, in the opinion of affiants, was a reasonable price under the circumstances, and all and more than it would have sold for if the purchaser had been required to pay cash in hand. The fact was that it had no salable value at that time by reason of the adverse conditions then prevailing, both as to the property and generally; neither has it any special market value now. . . . ''

Other evidence introduced by both parties as to the value was slight and cumulative.

The rule adopted by this court is that inadequacy of price, when unconscionable, will justify the setting aside of a sheriff's sale, on motion. *McCoy* v. *Brooks,* 9 Ariz. 157, 80 Pac. 365. With the evidence the court had before him, he could well decide that the price paid for the stock was as much or more than its reasonable market value.

The appellants' frequent suggestions and insinuations that unfairness was practiced by Kays, the purchaser, at the sale, is not justified by any proper evidence in the record.

The order of the lower court, refusing to set aside the sale, is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.