[Civil No. 1945.  Filed May 6, 1922.]

[206 Pac. 595.]

E. A. TOVREA & COMPANY, a Corporation, Appellant, v. PETE YUTICH, a Minor, by His Guardian Ad Litem, Father of Said Minor Child, Appellee.

1. APPEAL AND ERROR—FAILURE TO OBJECT TO ASSIGNMENT OF ERROR REQUIRES THEIR CONSIDERATION.—Under Civil Code of 1913, paragraph 1262, if appellee fails to serve a written notice on appellant, stating his objections to the assignments of error within ten days after the filing of appellant's brief, the court must consider such assignments.

2. NEW TRIAL—MOTION, NOT DETERMINED WITHIN TWENTY DAYS, HELD NOT DENIED BY OPERATION OF LAW IN VIEW OF CONTINU-ANCE.—Under Civil Code of 1913, paragraph 591, providing that motions for new trial not determined within twenty days after judgment shall be deemed denied unless continued by court order or by stipulation, a motion filed two days after judgment and continued ten days thereafter to a time beyond the twenty-day period was not denied by operation of law.

3. NEW TRIAL — REFUSAL TO CONSIDER MOTION IS EQUIVALENT TO OVERRULING IT.—The improper refusal to consider a motion for a new trial on the ground that the court was without jurisdiction to consider it, because more than twenty days had elapsed since rendition of judgment, is equivalent to a dismissal and overruling of the motion.

4. APPEAL AND ERROR — VERDICT SUPPORTED BY EVIDENCE NOT DIS-TURBED.—Where the verdict is supported by substantial evidence, it will not be disturbed on appeal.

5. APPEAL AND ERROR—RECORD MUST SHOW PREJUDICE FROM IRREGULAR PROCEDURE.—That appellant's rights were prejudiced by irregular procedure must affirmatively appear upon the face of the record to justify disturbing a verdict.

6. TRIAL—OBJECTION ON GROUND OF HEARSAY PROPERLY OVERRULED, WHERE COUNSEL FAILED TO EXAMINE WITNESS.—Where opposing counsel believes that answer given by a witness and purporting to be based on personal knowledge is based on hearsay, and fails to examine the witness upon that point, a general objection on the ground of hearsay is properly overruled.

7. APPEAL AND ERROR—VERDICT, NOT FLAGRANTLY EXCESSIVE, WILL NOT BE DISTURBED ON APPEAL.—Unless the amount of a verdict is flagrantly outrageous and extravagant as to amount, it will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. C. Lockwood, Judge. Affirmed.

Mr. Alexander Murry, for Appellant.

Mr. R. N. French and Mr. John Wilson Ross, for Appellee.

SHUTE, Superior Judge.—On the fifth day of November, 1920, the plaintiff in this case, Pete Yutich, by his guardian *ad litem,* obtained a verdict against the

defendant, E. A. Tovrea & Co., a corporation, for injuries alleged to have been received by the plaintiff, due to the carelessness and negligence of the defendant. A judgment was entered by the court upon the verdict of the jury on the eighteenth day of November, 1920. On November 20, 1920, the defendant filed its motion for a new trial. On November 30, 1920, the hearing on the motion for a new trial was, by an order of the court, continued until January 3, 1921. The hearing on the motion for a new trial was continued by court order from time to time until the twelfth day of February, 1921, when the court refused to entertain the motion for a new trial upon the ground that the same "is overruled by operation of law, and the court has lost jurisdiction thereof, and the court therefore refused to take any action in the matter." From the judgment of the court and the refusal to pass upon the motion for a new trial the defendant has appealed, and makes seven assignments of error.

The appellee makes objection to a consideration of appellants' assignments of error because they do not distinctly specify each ground of error, and the particular ruling complained of. However this may be, under Revised Statutes of Arizona of 1913, paragraph 1262, referred to in *Brought* v. *Minor,* 17 Ariz. 28, 148 Pac. 294, and *Smith et al.* v. *Arizona Engineering Co.,* 21 Ariz. 624, 193 Pac. 303, unless appellee sees fit to avail himself of the provisions of the statute above mentioned, by proper objection, we must consider the assignments as best we may.

Assignments Nos. 1, 5 and 7 may be considered together, as they raise practically the same questions on appeal, except as may be indicated by this opinion. At least assignments 1, 5 and 7 will be disposed of by considering the refusal of the court to rule on the motion for a new trial.

This question is based upon paragraph 591, Revised Statutes of Arizona of 1913, which, as we stated in

*Chenoweth* v. *Prewett,* 17 Ariz. 400, 153 Pac. 420, was passed apparently to "fix a limit beyond which a hearing thereon could not be had, except by a strict observance of its provisions."

In this case the statute was strictly observed by the order of court of November 30, 1920, continuing the hearing of the motion for a new trial until January 3, 1921, a period running fourteen days over the limitation provided in the section above referred to.

As we stated in *Sawyer* v. *Huning,* 20 Ariz. 357, 181 Pac. 172:

"Before the statute (paragraph 591, supra) 'deems' the motion denied at the expiration of 20 days after rendition of judgment, there must be absent from the case, as a fact, all valid court orders continuing the hearing of the motion, and no stipulation of counsel."

Again in *Chenoweth* v. *Prewett, supra,* we said:

"Had this order been made within 20 days after the rendition of the judgment, it probably would have been construed as a sufficient order continuing the hearing upon the motion."

The order for a continuance having been legally made in this case, continuing the matter over the twenty-day period, the statute (paragraph 591) no longer controlled the procedure of the court and the trial judge should have ruled upon the motion. *List* v. *Wilkinson,* 23 Ariz. 262, 203 Pac. 333.

Holding that the court had jurisdiction of the motion for a new trial by defendant, the refusal of the court to entertain it brings us to a consideration of the effect of such refusal under the assignment raised by the defendant in the case. To dispose of this, attention is called to the case of *Van Dyke* v. *Cordova Copper Co.,* 14 Ariz. 499, 132 Pac. 94, holding that:

"Dismissing a motion for a new trial is equivalent to a denial of the motion for a new trial."

Certainly the refusal to consider a motion for a new trial is equivalent to a dismissal of the motion

for a new trial. The defendant's motion was therefore, in effect, overruled on January 12, 1921. This disposed of assignments of error 1, 5 and 7, save and except the included assignment that the verdict and judgment are contrary to the uncontradicted evidence in the case. There is substantial evidence in the record supporting the verdict and the judgment of the court, and the finding of the jury will not be disturbed on appeal.

Appellant charges the court with error, in its second assignment, for allowing counsel for appellee, while using appellee as an exhibit, to make remarks before the jury which it claims were harmful and prejudicial.

As we said in *Superior & Pittsburg Copper Co.* v. *Tomich,* 19 Ariz. 188, 165 Pac. 1104:

"Irregular procedure must have prejudiced the rights of the party complaining before an appellate court is justified in disturbing a judgment."

We cannot say from the record that the rights of appellant were prejudiced, and do not deem the assignment well taken.

The general nature of assignment 3 makes it exceedingly difficult, in the light of the argument thereon, to determine just what is aimed at by appellant. While the assignment objects to the court permitting the testimony of certain witnesses, the argument seems to question the propriety of the court interrogating witnesses.

While we attempted in the case of *Superior & Pittsburg Copper Co.* v. *Tomich, supra,* to point out the necessity of orderly procedure in the trial of cases, we held that prejudice to appellant's rights must affirmatively appear upon the face of the record before we would be justified in returning the case for a new trial.

The fourth assignment of error deals with the testimony of witness Tony Dornick, who was asked if he

knew where plaintiff was going at the time he was struck. A general objection was made to the question, which the court overruled; we think properly. The answer was, "Yes, sir." The witness was then asked: "Where was he going?" The question was objected to, "unless it was shown that notice came to him to make it other than hearsay." The witness stated he knew. If counsel had information that led him to believe that witness did not know of his own knowledge, his remedy was to ask to examine him upon that point, and should the cross-examination reveal to the trial court that his answer would be purely hearsay, no doubt an objection based upon that ground would have been sustained. However, the answer indicated the witness did know where plaintiff was going, and nowhere in the cross-examination which followed was there anything which disclosed that the answer was hearsay. It was therefore not error.

Assignment No. 6 complains that the verdict was excessive. In *United Verde Copper Co.* v. *Wiley*, 20 Ariz. 525, 183 Pac. 737, the rule governing excessive verdicts was laid down, in which we stated that:

"The damages, therefore, must be so excessive as to strike mankind, at first blush, as being beyond all measure, unreasonable, and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice, or corruption."

In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw a line, for they have no standard by which to ascertain the excess. Following this rule, we cannot say the damage in this case is excessive.

The judgment of the lower court is affirmed.

ROSS, C. J., and McALISTER, J., concur.

FLANIGAN, J., being disqualified, did not sit in this case.