[Civil No. 2290.  Filed October 9, 1925.]

[239 Pac. 795.]

## E. O. BROWN, Appellant, v. I. JERRILD, Appellee.

1. APPEAL AND ERROR—APPELLANT CANNOT COMPLAIN OF REFUSAL OF INSTRUCTION LESS FAVORABLE TO HIM THAN INSTRUCTION GIVEN.—Where court correctly instructed jury to find for plaintiff in amount of money received by defendant which he failed to account for and pay over to plaintiff, latter cannot complain of refusal of less favorable instruction to find for him in amount of money in defendant's possession belonging to plaintiff.

2. APPEAL AND ERROR—INSTRUCTION REQUIRING PROOF OF ALL MATERIAL ALLEGATIONS OF COMPLAINT IN TWO COUNTS HELD NOT REVERSIBLE ERROR.—In action against former employee for money had and received, and for money wrongfully and unlawfully appropriated to defendant's own use, instructions that burden was on plaintiff to prove all material allegations of complaint *held* immaterial error, if technically incorrect, as requiring him to prove all material allegations of both counts; second count merely setting up specifically way in which defendant received and retained money belonging to plaintiff.

3. EVIDENCE—PROOF OF CASE BY PREPONDERANCE OF EVIDENCE ORDINARILY SUFFICIENT.—In ordinary civil cause not involving claim of fraud, plaintiff need only prove his case by preponderance of evidence.

4. TRIAL—INSTRUCTION REQUIRING PROOF TO JURY'S SATISFACTION HELD NOT PREJUDICIAL ERROR, IN VIEW OF OTHER INSTRUCTIONS.—In action for money received and appropriated by plaintiff's former

---

3.  See 12 R. C. L. 438.

employee, instruction that burden was on plaintiff to prove all
material allegations of complaint to jury's satisfaction *held*
not prejudicial error, in view of further instructions on prepon-
derance of evidence.

5. APPEAL AND ERROR—USE OF WORD "SATISFACTION" AS APPLIED TO
   PREPONDERANCE OF EVIDENCE FATAL ONLY WHEN PREJUDICIAL.—
   Error in instruction using word "satisfaction," as applied to
   preponderance of evidence required in ordinary civil case, is fatal
   only when it appears that it did, or might reasonably have been
   supposed to, prejudice jury.

6. TRIAL—INSTRUCTION TO JUDGE WITNESSES' CREDIBILITY AND WEIGHT
   OF TESTIMONY FROM ANY REASONS APPEARING ON CASE AS PRE-
   SENTED HELD PROPER.—Instruction, "From these and any other
   reasons that may appear to you upon the case as it has been
   presented before you, you may judge and determine as to their
   credibility and the weight, effect, and sufficiency of their testi-
   mony," *held* proper.

7. TRIAL—PERMITTING SUCH CONDUCT BY DEFENDANT'S COUNSEL AS TO
   IMPRESS JURY WITH IDEA THAT VERDICT FOR PLAINTIFF WOULD
   BE TANTAMOUNT TO CRIMINAL CONVICTION OF DEFENDANT HELD
   NOT ERROR.—Action against former employee for wrongful ap-
   propriation of plaintiff's money to his own use, being based on
   alleged embezzlement by defendant, there was no error in per-
   mitting such conduct by defendant's counsel as to impress jury
   with idea that verdict for plaintiff would be tantamount to
   criminal conviction of defendant.

8. APPEAL AND ERROR—ASSIGNMENT OF ERROR IN RENDERING JUDG-
   MENT AGAINST APPELLANT HELD NOT MERELY INSUFFICIENT, BUT
   NO ASSIGNMENT AT ALL.—Assignment that "the court erred in
   rendering judgment against appellant in favor of appellee" *held*
   not merely insufficient, so as to permit consideration thereof,
   under Civil Code of 1913, paragraph 1262, though not objected
   to, but no assignment at all.

9. APPEAL AND ERROR—"INSUFFICIENT ASSIGNMENT OF ERROR," WHICH
   MAY BE CONSIDERED THOUGH NOT OBJECTED TO, DEFINED.—Insuffi-
   cient assignment of error, which Supreme Court may consider,
   under Civil Code of 1913, paragraph 1262, though not objected
   to, is one wherein it is apparent that party has endeavored to call
   court's attention to definite and specific error, but has not used
   apt or sufficient language to describe it completely and properly
   narrow issue.

10. APPEAL AND ERROR—ASSIGNMENT OF ERROR IN RENDERING JUDG-
    MENT AGAINST APPELLANT CANNOT BE AIDED BY ARGUMENT IN

8. See 2 R. C. L. 161.

BRIEFS.—Assignment that "court erred in rendering judgment against appellant in favor of appellee" cannot be aided by argument in briefs.

See (1) 4 C. J., p. 918.   (2) 4 C. J., p. 1032.   (3) 23 C. J., p. 12.
(4) 38 Cyc., p. 1786.   (5) 4 C. J., p. 1032.   (6) 38 Cyc., p. 1760.
(7) 38 Cyc., p. 1486.   (8) 3 C. J., p. 1397.   (9) 3 C. J., p. 1397.
(10) 3 C. J., p. 1398.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Affirmed.

Mr. Chas. Woolf, for Appellant.

Messrs. Hayes, Stanford, Laney & Allee, for Appellee.

LOCKWOOD, J.—About the middle of May, 1922, E. O. Brown, hereinafter called plaintiff, employed I. Jerrild, hereinafter called defendant, as a clerk and meat cutter, to work in the former's store at Scottsdale at a wage of $20 per week. This employment continued until about August 1st, 1923, when plaintiff discharged defendant, claiming that the latter had not properly accounted for money received by him from the sales of merchandise belonging to plaintiff in the course of his employment.

Shortly thereafter plaintiff brought suit against defendant in the superior court of Maricopa county, and set up two causes of action in his complaint: The first was the ordinary count for money had and received. The second alleged the employment as above set forth, and receipt by defendant of money for merchandise belonging to plaintiff, and that the defendant did "wrongfully and unlawfully appropriate to his own use various amounts of the money of this plaintiff so received by defendant," the total being alleged to amount to $1,000. Defendant filed a general denial, and the case was tried before a jury. A

verdict was rendered in favor of the defendant, and after plaintiff's motion to set aside the verdict and for a new trial had been denied, judgment was entered on the verdict, and plaintiff appealed from the judgment and order overruling the motion for new trial.

There are four assignments of error, which we will discuss in their order. The first is that the court erred in refusing to give the following instructions requested by plaintiff:

"Gentlemen of the jury, you are instructed that if you believe from the evidence that defendant had in his possession, when this suit was commenced, money which in equity and good conscience belongs to the plaintiff, then your verdict must be for the plaintiff. You are further instructed that if, under the evidence before you and the instruction given you by the court, plaintiff is entitled to recover from the defendant, then you must determine from the evidence the amount of money which the defendant, at the time this suit was commenced, had in his possession, and which in equity and good conscience belongs to the plaintiff, and your verdict should be for the plaintiff for the amount so found."

Such instructions do not correctly state the law applying to a case of this kind, and are far less favorable to plaintiff than the true rule. Under them defendant would not have been obliged to account for any money which he might have taken belonging to the plaintiff, if it was no longer in his possession at the time the suit was commenced, which, of course, is not the law. The court gave an instruction of its own motion which reads as follows:

"You are further instructed, gentlemen of the jury, that if you believe from the evidence in the case that the defendant was employed by the plaintiff . . . and in the course of such employment defendant sold goods and merchandise of the plaintiff, and received money therefor which he failed to account for and pay over to plaintiff, then your verdict should be for

the plaintiff for the amount of money which you find from the evidence the defendant received from such sales of merchandise which you find he failed to account for and pay over to the plaintiff, if any, which said amount shall not exceed in any event the sum of one thousand dollars."

This is a correct statement of the law, and plaintiff cannot complain because the court refused to limit him to the recovery he seems erroneously to have asked for.

The second error refers to the giving of certain instructions by the court. It raises, in effect, three questions: The first is that the court imposed upon plaintiff too great a burden by the two following instructions:

"You are instructed, gentlemen of the jury, that under the law the burden of proof is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence all the material allegations of his complaint. . . .

"You are further instructed that before the plaintiff is entitled to recover in this case, he must submit evidence of the truth, as I have stated, of all the material allegations of his complaint to such an extent that you are satisfied it outweighs the evidence to the contrary."

Two objections are made to the instructions above quoted. First, that they require proof of "all the material allegations of his complaint." It is the contention of plaintiff that, since his complaint was divided into two counts, it was not necessary for him to prove all the material allegations of both counts, but proof under either one would entitle him to a verdict, while under the instructions given the jury was told he must prove both.

Stated as an abstract proposition of law, this is doubtless correct. But if the instruction was error, the immateriality appears when we consider the two counts. The first was the ordinary one for money

had and received. The second sets up specifically the way, and the only way, in which it was claimed defendant received and retained any money belonging to plaintiff. It was impossible to prove the allegations of one count without proving those of the other, and in the same manner a failure to sustain the proof on either count meant a failure on the other one. The jury could not have been misled by the instruction, even though we might think it technically incorrect.

The second alleged error in the instructions presents a more serious question. In the ordinary civil cause, not involving a claim of fraud, plaintiff is only required to prove his case by a preponderance of the evidence. We discussed a very similar instruction to the one in the case at bar in *Wilkinson* v. *Phoenix R. Co.*, 28 Ariz. 216, 236 Pac. 704, and in the opinion therein we said:

"The court told the jury 'that the burden is upon plaintiff throughout the whole case of establishing to your satisfaction, by a preponderance or greater weight of the evidence, that defendant, . . . ' etc. Exception is taken to the use of the word 'satisfaction' as requiring too high a degree of proof. In a fraud case recently we held a similar instruction correct. *Schwalbach* v. *Jones,* 232 Pac. 558. But in the ordinary civil case we think it places too much of a burden on a plaintiff or the party asserting an affirmative. The jury must be guided by a preponderance of the evidence, even though it may not be satisfactory. *Texas & P. R. Co.* v. *Ballinger* (Tex. Civ. App.), 40 S. W. 822; *Mock* v. *Hatcher* (Tex. Civ. App.), 43 S. W. 30. If this instruction stood alone, or if the evidence was in any way equally balanced, its giving would require a reversal. . . . "

In that case, however, we held that, because of other instructions given by the court, the one complained of was not prejudicial, even though erroneous. Such, we think, is the case herein, for the reason that

the court followed the instruction objected to by the further statement:

"That is, if the testimony in support of these material allegations of the complaint weighs just the same or less than that to the contrary, you must find for the defendant. On the other hand, if the testimony in support of these allegations weighs more than the testimony to the contrary, your verdict should be for the plaintiff,"—

And also said:

"By a preponderance of the evidence is meant not necessarily the greater number of witnesses that testify to any fact or set of facts, but the greater weight of evidence given in support of such fact or facts."

While we disapprove of the use of the word "satisfaction" when applied to the preponderance of evidence required in the ordinary civil case, yet it is only when it appears that it did, or might reasonably have been supposed to, prejudice the jury that the error is fatal.

Counsel also complains that the court, after stating a number of the factors which the jury might take into consideration in passing on the weight of the evidence and the credibility of the witnesses, added:

"From these and any other reasons that may appear to you upon the case as it has been presented before you you may judge and determine as to their credibility and the weight, effect, and sufficiency of their testimony."

This instruction has been given so often in this jurisdiction and for so many years that it is considered a "stock" one. We do not know of any limitation upon what the jury may consider in determining as to the credibility of the witnesses and the weight, effect and sufficiency of their testimony, except that it must "appear to you upon the case as it has been presented." The instruction was proper.

The third assignment of error is that the court permitted a course of conduct by defendant and his counsel that prejudiced the jury. The substance of this assignment is that the conduct was such as to impress the jury with the idea that a verdict for plaintiff would be tantamount to a criminal conviction of defendant. We have examined the record on this point. While this is a civil action, yet the basis of it is an alleged embezzlement by defendant, and a verdict in favor of plaintiff would have meant and could have meant only that the jury believed defendant had embezzled funds of plaintiff. There was no error in the attitude of counsel for defendant.

The fourth assignment of error is that "the court erred in rendering judgment against appellant in favor of appellee." We have repeatedly held that where an assignment of error is merely insufficient, if no objection is made thereto, we will nevertheless consider it. *Smith* v. *Arizona Engineering Co.,* 21 Ariz. 624, 193 Pac. 303; *Brought* v. *Minor,* 17 Ariz. 28, 148 Pac. 294; paragraph 1262, Civ. Code 1913. But the alleged assignment herein is not merely insufficient; it is really no assignment at all. As is well said in *Landers* v. *Joerger,* 15 Ariz. 480–482, 140 Pac. 209:

"Now, this general statement, when reduced to its final analysis, simply means that the court gave the wrong judgment. There is an entire absence of any suggestion as to why it was not a correct judgment. Taking this assignment as a premise, it could be argued that the court was without jurisdiction of the subject matter or parties; or that the complaint failed to state facts sufficient to constitute a cause of action; or that improper evidence was admitted or competent evidence rejected; or that the evidence fails to support the findings of fact; or that the findings of fact fail to support the judgment; or that the judgment is outside the issues. One of these is as definitely indicated by the assignment as any other error that might be named or imagined resulting in an errone-

ous judgment. It is really no such assignment of error as is required by the law and the rules of this court.''

An insufficient assignment of error is one wherein it is apparent the. party has endeavored to call the court's attention to a definite and specific error, but has not used apt or sufficient language to describe it completely and properly to narrow the issue. Such an assignment we will consider as best we may, when no objection has been made thereto. We do not think, however, that either the statute or our previous decisions require us to attempt to review a statement which simply throws the whole case into our laps on the theory that somewhere therein is something which made the final result in some way erroneous. Nor can such language in the alleged assignment be aided by the argument in the briefs. *County of Pinal* v. *Heiner,* 24 Ariz. 346–351, 209 Pac. 714; 3 C. J. 1398.

Finding no material error in the record which is before us, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.