[Civil No. 2931.   Filed October 3, 1930.]

[291 Pac. 993.]

MATTIE L. WILLIAMS, Appellant, v. JOHN H. WILLIAMS, Appellee.

Messrs. Flanigan & Fields, for Appellant.

Mr. J. J. Cox and Mr. O. B. De Camp, for Appellee.

ROSS, J.—This is an action for divorce brought by John H. Williams against Mattie L. Williams, and, the plaintiff having obtained a decree dissolving the marital bonds, the defendant has appealed.

Their marriage was solemnized in July, 1912. This matrimonial venture was not their first. They both had been married before, and both had living children, issue of their former marriages. Just how long they lived with each other in peace and amity is not shown, but the records of this court disclose that some time prior to 1924 their relations, if ever harmonious and happy, had become intolerable.

A memorial of their troubles and sorrows first judicially exposed is found embalmed in 29 Ariz. 538, 243 Pac. 402. In this case the wife obtained a divorce *a mensa et thoro* and a decree ordering the husband to pay her for support one hundred dollars per month.

The next *exposé* of their marital troubles is found in 33 Ariz. 367, 61 A. L. R. 1264, 265 Pac. 87, wherein

the husband sought a divorce for desertion. The wife again succeeded on the ground that she could not be guilty of desertion while she was living apart from her husband under the divorce *a mensa et thoro,* because the judgment in such case sanctioned her refusal to become reconciled and to resume living with her husband.

In the present suit, the complaint, filed on June 28, 1929, charges the defendant wife with excesses, cruelty, and outrages to and towards the plaintiff husband. Among the acts of cruelty charged, we give but one, because it is upon it the judgment must be sustained, if at all. It is:

" . . . That the plaintiff now is and for many years prior to the time of filing this complaint has been a member of the Baptist Church, and has at all times conducted himself in a Christian-like manner; that the defendant herein has, by her conduct, continually ridiculed the plaintiff to other members of the Baptist Church, and by intimating and insinuating constantly to other members of the Baptist Church that the plaintiff is intimate with other women, has caused the plaintiff to be requested to refrain from attending the Baptist Church.

"That the acts of the defendant were for the purpose of harassing the said plaintiff; that said plaintiff herein is a man past sixty years of age; that plaintiff has been a devout member of said Baptist Church for a period of over forty years; . . . and said acts aforesaid, which caused the plaintiff to be barred from attending the Baptist Church, were without cause or provocation, and that said acts and conduct of the defendant have harassed and annoyed, and continue to harass and annoy the plaintiff, and have caused, and are causing him mental and physical pain and anguish, and have disturbed and is disturbing his peace of mind and injuring his health."

The defendant's answer consisted of a denial of the allegations of cruelty and a statement of the fact that she had obtained favorable judgments in both of the former actions between them.

Trial was had before the court, and resulted in a decree dissolving the marital bonds, upon the ground of the defendant's cruelty to the plaintiff.

Upon the request of defendant, the court made findings of fact and conclusions of law. Such findings and conclusions, so far as material, are as follows:

"That the plaintiff has been a member of the Baptist Church for forty years; that the defendant circulated anonymous letters concerning the plaintiff and detailed their contents to members of the Baptist Church, of which both plaintiff and defendant are members, and, also, to people who were not members of said Baptist Church; that said anonymous letters were of such a nature as to reflect upon the moral character of plaintiff and would tend to cause those in whose hands she placed them and to whom she detailed their contents, to hold plaintiff in contempt.

"That such conduct was for the purpose of ridiculing the plaintiff and intimating that plaintiff was intimate with other women.

"That by reason of such conduct on the part of the defendant, the plaintiff was requested to refrain from attending the Baptist Church. . . .

"That all of said conduct on the part of the defendant has harassed and annoyed the plaintiff and has caused him mental and physical pain and anguish."

"As the conclusion of law of (from) the foregoing facts the court finds that the acts of defendant constitute cruelty under the law, and that defendant is guilty of excesses, cruelty and outrages toward the plaintiff; that the plaintiff is entitled to a decree of absolute divorce from the defendant herein."

The assignments of error are:

"1. The court erred in entering and making the opinion and order just above referred to.

"2. The court erred in entering and making the findings of fact, conclusions of law and judgment just above referred to.

"3. The court erred in rendering judgment by its minute entry just above referred to.

"4. The court erred in denying the motion of appellant for a new trial."

Under the rules and decisions of this court, the above assignments are entirely insufficient, because they do not pretend to point out any specific errors claimed to have been committed by the court. *Landers* v. *Joerger*, 15 Ariz. 480, 140 Pac. 209; *County of Pinal* v. *Heiner*, 24 Ariz. 346, 209 Pac. 714; *Brown* v. *Jerrild*, 29 Ariz. 121, 239 Pac. 795.

Taking up the first assignment, it does not complain of any error in "the opinion and order" referred to, but simply complains of their "entering and making." The same thing may be said of the second and third assignments, and the fourth fails to comply with the court's rules.

No error having been called to our attention by the assignments, it is our duty, unless fundamental error appears in the record, to affirm the judgment. We would not recommend the complaint as a model, but it seems to us that, in the absence of any objection to it by demurrer or otherwise, its allegations of cruelty are sufficient upon which to base the judgment for the plaintiff, and that the findings of fact fully support it and the judgment. It has often been said that the worst kind of cruelty is not always physical. The circulation of false and slanderous statements and reports, tending to destroy one's good name and reputation, to a sensitive nature, ordinarily may be more harmful to peace of mind and health than severe physical blows. *Barnes* v. *Barnes,* 95 Cal. 171, 16 L. R. A. 660, 30 Pac. 298; *MacDonald* v. *MacDonald,* 155 Cal. 665, 25 L. R. A. (N. S.) 45, 102 Pac. 927; *Miller* v. *Miller,* 89 Neb. 239, 34 L. R. A. (N. S.) 360, 131 N. W. 203; *Newby* v. *Newby,* 55 Cal. App. 114, 202 Pac. 891.

The fact that the parties were living apart under a decree of separation from bed and board did not relieve the defendant from her obligation to abstain from acts of cruelty toward the plaintiff. As said in *Williams* v. *Williams,* 33 Ariz. 367, 61 A. L. R. 1264, 265 Pac. 87, under the decree of separation from bed and board, the wife was under no obligation to become reconciled, but for any statutory cause other than desertion arising thereafter the husband could seek and obtain a divorce.

There appearing to be no fundamental error, the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.