FRANCIS M. CUMMINS V. ALICE V. CUMMINS.

FILED APRIL 7, 1896.   No. 6430.

1. **Divorce:** EVIDENCE: COLLUSION. In an action for divorce, even where there is no appearance by the defendant, the trial judge must be satisfied that the case is prosecuted in good faith and without collusion, and that a cause of action exists. He is not bound to accept as conclusive, in all cases, the testimony of the plaintiff, although corroborated in some minor details.

2. ———: ———: REVIEW. Where the testimony in such a case, when taken in connection with all the circumstances, is weak and open to suspicion, through a failure to corroborate it on points admitting of corroboration, the action of the district judge in denying a divorce will not be set aside, although the evidence may have been such that it would have sustained a decree for plaintiff, and in cases of a different character might have required it.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*Simeon Bloom*, for plaintiff in error.

No appearance for defendant in error.

IRVINE, C.

The plaintiff in error brought this action to procure a divorce from the defendant in error. Service was had by publication. There was no

appearance by the defendant in error, but on the
evidence the court found for the defendant and
dismissed the case.   The errors assigned are that
the judgment is not sustained by sufficient evi-
dence; that it is contrary to law; and that the
court erred in overruling the motion for a new
trial.   The grounds assigned in this motion are
that the judgment is not sustained by sufficient
evidence, and that it is contrary to law.   We
have, therefore, presented, in effect, simply the
sufficiency of the evidence.   The ground on which
the divorce was claimed was cruelty practiced by
the wife against the husband.   The husband's
testimony is to the effect that the defendant had
always been harsh and unkind to him; that she
had refused to cook for him, wash for him, and
mend his clothes; that she had denied him sexual
intercourse, and that certain events had per-
suaded him that she had attempted to poison
him.   The last charge, if true, undoubtedly consti-
tutes cruelty (1 Nelson, Divorce and Separation,
secs. 266, 308), but the sufficiency of the evidence
to establish an attempt to poison was in the first
instance for the trial court, as was the sufficiency
of the evidence on other branches of the case.
The evidence on this subject was that, after two
successive meals, the plaintiff was taken violently
sick.   Thereafter he detected some foreign sub-
stance in his coffee cup, and observed his wife
pouring something from a paper into the coffee.
He found some article in her possession which he
supposed to be the same substance, but he had
made no effort to ascertain its character.   The
parties had three children, aged seventeen, nine-
teen, and twenty-two years.   The plaintiff, it ap-
pears, knew where these children were.   They

were living in the household at the time of these events. They remained with their mother after the separation and their testimony was not produced. The plaintiff was corroborated in some parts of his testimony by a woman who had lived next door to the parties in Kansas, and who testified that she had done washing for the plaintiff and had heard the defendant use harsh and abusive language toward him. His testimony was not corroborated in other particulars. It has been said that the state is a third party to all divorce cases. It is not true that a petition stands confessed because not answered; nor is the judge who tries a divorce case obliged to find for the plaintiff, simply because he testifies to a state of facts, which, if believed, would warrant a decree in his favor. The judge should be satisfied that there is no collusion; that the case is prosecuted in good faith, and that a cause of action exists. This case was begun scarcely seven months from the time the plaintiff came to the state, which was the time of separation. He had then left his wife and his three children behind him, the children choosing to remain with the mother. The parties had lived together for more than twenty-two years. The charges of harshness and unkindness were proved only in the most general and vaguest way. The charge that the wife had refused to do the cooking, laundry work, and mending for the family was probably not the charge of a very great offense, in view of plaintiff's testimony that his earnings were $140 per month. The charge of denying the plaintiff sexual intercourse was as vaguely substantiated as the charge of unkind language. It did not appear for what period or under what circumstances

there had been such denial. The charge of poisoning was in no degree corroborated, while the evidence showed that through the children and the services of a chemist corroboration might have been obtained had the charge been true. If the trial judge had seen fit to grant a divorce upon the testimony, we would not disturb his action, but in such cases so much depends upon the manner and demeanor of the witnesses that, in view of the weakness of the evidence in this case, while it would be sufficient to support a different finding, we cannot disturb the finding which was made. (2 Nelson, Divorce and Separation, sec. 809.)

JUDGMENT AFFIRMED.