Pick v. Pick.

---

EMMA L. PICK, APPELLEE, V. JOSEPH PICK, APPELLANT.

FILED FEBRUARY 19, 1916. No. 18619.

1. **Husband and Wife: SEPARATE MAINTENANCE.** Where a wife is compelled by the misconduct of her husband to live separate and apart from him, she is entitled to a decree for separate maintenance.

2. **Divorce: SUIT FOR MAINTENANCE: DECREE.** In an action by a wife for separate maintenance on the ground of adultery, habitual drunkenness, extreme cruelty, and failure to support, the court may grant a limited divorce from bed and board with suitable maintenance at the prayer of the wife, although it is found that all of the alleged grounds for divorce exist.

99 Neb. 28

3. **Husband and Wife:** Suit for Maintenance: Evidence. The evidence in this case, indicated in the opinion, is found sufficient to support the decree for separate support and maintenance.

Appeal from the district court for Douglas county: Willis G. Sears, Judge. *Affirmed.*

*Byron G. Burbank,* for appellant.

*Lambert, Shotwell & Shotwell, contra.*

Hamer, J.

This is an appeal from a decree of divorce rendered in the district court for Douglas county, Nebraska. The plaintiff, Emma L. Pick, filed her petition in the district court for that county on the first day of May, 1913. She alleged in her petition four grounds for divorce: That the defendant had been guilty of adultery; that he became an habitual drunkard; that he had been guilty of extreme cruelty toward the plaintiff; that he had failed to support the plaintiff. The district court found that the plaintiff "has always conducted herself toward the defendant with propriety, and as a faithful, chaste and obedient wife," and that the defendant "has been and is guilty of extreme cruelty toward the plaintiff in divers and numerous ways, and has been and is guilty of adultery and habitual drunkenness, all as charged in the petition; that each and all of said grounds, and as fully as set out and claimed in the petition, have been sustained by the evidence and so established to the extent of warranting an absolute divorce; that the defendant, Joseph Pick, is not a proper person to be granted the privilege of remarrying, and the plaintiff, Emma L. Pick, neither prays for nor desires the setting aside of the existing marriage bonds, * * * and that the plaintiff, Emma L. Pick, is entitled to a decree of separate maintenance, and that she should be allowed to live separate and apart from the defendant at his expense and charge; * * * that the plaintiff, Emma L. Pick, should be, and hereby is, granted separate maintenance from the defendant, Joseph Pick, and that

she should be, and hereby is, allowed to live separate and apart from said defendant at his expense and charge, and that the defendant should be and hereby is ordered to maintain the said plaintiff separate and apart from himself, and that no divorce be granted." The court also found: "That a reasonable allowance to the plaintiff from the defendant's estate while living separate and apart from him is the sum of $75 per month for herself and $25 per month to her to be expended by her for the care and support of said daughter."

The defendant has appealed. He does not object to the findings of the court as to plaintiff's grounds for a divorce, and presents two questions only. The defendant contends that the plaintiff is not entitled to a divorce from bed and board, and that she is not entitled to any general equitable relief. He also contends that the amount allowed for support of plaintiff and her child is excessive. The defendant claims that, because the evidence shows that he has been guilty of adultery and habitual drunkenness, the plaintiff thereby became entitled to an absolute divorce, and that she must have such absolute divorce whether she wants it or not, and that the court may give her nothing less.

Under section 1567, Rev. St. 1913: "A divorce from the bonds of matrimony may be decreed by the district court: (1) When adultery has been committed by any husband or wife. * * * (5) When the husband or wife shall have become an habitual drunkard."

Section 1568, Rev. St. 1913, provides: "A divorce from the bonds of matrimony or from bed and board may be decreed for the cause of extreme cruelty."

It is clear that, if the plaintiff had only charged extreme cruelty, then the court might grant the divorce from bed and board as prayed in the plaintiff's petition; but it is the contention of the defendant that, because section 1567 justifies a decree of divorce on the ground of adultery, and on the ground of habitual drunkenness, therefore, if those charges are contained in the petition and

findings, the decree must be absolute. It is the contention of the defendant that the district court has no power to grant a limited divorce for either adultery or habitual drunkenness. This brings us to the question of whether any discretion is given the district court, and whether that court is not bound within the restrictions alleged to exist. It may be said that under section 1568, Rev. St. 1913, on complaint of the wife, the husband may be compelled to provide suitable maintenance for her if she shall allege that he grossly or wantonly and cruelly refuses to provide for her. The defendant is the only party seeking to compel the granting of a decree for an absolute divorce. If an absolute divorce should be granted, then the plaintiff would be left without the support and assistance which she had a right to expect when she married the defendant. The defendant would be successful in making his own misconduct serve the purpose of freeing himself from the support of his wife and child. If the evidence is sufficient to justify a decree of divorce, then it is sufficient to justify anything less than that. Extreme cruelty is a ground for absolute divorce, or from bed and board. But, if the plaintiff has made out the right of relief upon the grounds of adultery, habitual drunkenness, and extreme cruelty, then what is the plaintiff entitled to? The question is whether the court, as a matter of public policy, should decree each of the parties to the suit entitled to an absolute divorce followed by suitable alimony to the wife.

In *McKnight v. McKnight*, 5 Neb. (Unof.) 260, this court in the body of the opinion said: "After consideration, and an examination of authorities which we have been able to find by our own research, we conclude that whether the divorce granted shall be absolute or limited rests in the sound discretion of the trial court." *Conant v. Conant*, 10 Cal. 249; *Hacker v. Hacker*, 90 Wis. 325.

In the case first above cited, the suit was brought by the wife, who was seeking an absolute divorce. She failed to get it, and appealed. On appeal she was given a decree from the bonds of matrimony. In the instant case the

plaintiff is not seeking an absolute divorce, she is satisfied with a limited divorce that shall provide a means by which she is permitted to live separate and apart from her husband, but she and her child to be maintained by him. There is a very material distinction between the two cases. But the principle is clearly announced in the case cited, that it is for the court to determine whether the decree shall be absolute or otherwise. If this is true, it is for the court to exercise a wholesome discretion. In this case the husband is evidently desirous of getting rid of his wife as cheaply as possible. He appears to be in unusually good circumstances. He has an abundance of property from which he may support his wife and child without any inconvenience to himself. It is our duty to see that he is not relieved from the support of his wife and child. He seeks to compel the wife to obtain such a divorce as she does not desire. Evidently he does that for the purpose of securing a release to himself. When he has abundantly provided for the wife and child, then he may come to this court feeling that that fact will be considered in making such final order as ought to be made. The husband could not come to this court upon his own application and obtain a divorce from the bonds of matrimony. The guiltier he is the less he is entitled to be free from his wife. He is seeking to make his own misconduct the cause of his freedom from the bonds of matrimony. We discover no good reason why this should be permitted.

*In Hacker v. Hacker, supra,* it is said in the body of the opinion: "We think that the court acted wisely in granting the relief specified in the judgment appealed from. It sufficiently appears that the defendant does not desire the plaintiff to return to him, but simply that he may be saved the necessity of contributing to her support; and evidently he hopes, by this appeal, to avoid the payment of the very moderate allowance made out of his estate for the plaintiff." It will be noticed that this case gives to the trial court the discretion to exercise its judgment.

The court is invested with discretion to grant a divorce from bed and board and separate maintenance. *Goings v. Goings,* 90 Neb. 148.

In the instant case the trial court correctly found that the defendant has a substantial equitable interest in the York Foundry & Engine Works and the American Supply Company, two corporations doing business at the city of York, in York county, Nebraska. It appears that the legal title to said property has been kept and maintained by the father in his own name because of the instability of the defendant in personal and business affairs, and because of his habits of intoxication, but that the said legal title is held by the father in trust for the son, and that the son is permitted to own the property and enjoy its use the same as if he himself held the legal title and exclusive possession.

The plaintiff testified that the father did not put the defendant on a salary; that he used whatever money he wanted, and that he always called the business his business, and that he spent more than $4,000 a year; that he took money from the York business and invested it in a home, and that he also invested money from the York business in other property, taking the title thereto, and that he had no other source of income; that he placed $4,000 in the building and loan to his account; and that he bought other property from the York business, and that he paid $15,000 or $16,000 for a farm which he purchased with proceeds from the York business, and that he took the title to the farm in his own name; that he had cleared as much as $11,000 in one year in the York business; that the father, Charles Pick, never received a dollar from the York business, and that he never paid any attention to the business or to the books of the concern, and that the son made extensive improvements to the plant without consulting Charles Pick, the father; that Charles Pick, the father, told the plaintiff that he had not conveyed the legal title to the son because he wanted to protect the interest of the plaintiff and her daughter in the

property. This testimony is corroborated by the testimony of several other witnesses, so that there can be no doubt of the fact that the defendant is the actual owner of the property, and that he is in the exclusive possession of it.

In 1 R. C. L., p. 903, sec. 50, the learned editors observe: "A woman who is compelled, through her husband's fault, to live apart from him may, in many jurisdictions, maintain a suit for separate maintenance or permanent alimony, without being forced to seek a divorce. In such a proceeding the court has power to award alimony *pendente lite,* even though the statute contains no express grant of authority to make such an order except in the case of a suit for divorce."

The courts of equity in this state have inherent power to decree separate maintenance and support where such seems appropriate. In *Earle v. Earle,* 27 Neb. 277, it is said in the body of the opinion: "While the statute books of this and other states amply provide for the granting of divorces in meritorious cases, yet we do not apprehend that it is the purpose of the law to compel a wife, when the aggrieved party, to resort to this proceeding, and thus liberate her husband from all obligations to her, in order that the rights which the law gives her, by reason of her marital relations with her husband, may be enforced."

In *Galland v. Galland,* 38 Cal. 265, it is said: "The power to decree alimony falls within the general powers of a court of equity, and exists independent of statutory authority. And, in the exercise of this original and inherent power, a court of equity will, in a proper case, decree alimony to the wife, in an action which has no reference to a divorce or separation."

In *Garland v. Garland,* 50 Miss. 694, it is said: "Courts of equity in America will always interpose to redress wrongs when the complainant is without full, adequate and complete remedy at law."

In *Graves v. Graves,* 36 Ia. 310, it is said in the syllabus: "A court of equity will entertain an action brought for alimony alone, and will grant the same, though no divorce

or other relief is sought, where the wife is separated from the husband on account of conduct on his part justifying the separation."

In *Bueter v. Bueter,* 1 S. Dak. 94, it is said in the syllabus: "In this state a wife, justified by her husband's misconduct toward her in living separate from him, may maintain an independent action against him for her support, without regard to the question of divorce."

In *Baier v. Baier,* 91 Minn. 165, it is said in the syllabus: "A wife who is living apart from her husband for a cause legally justifying her may maintain, independent of an action for a divorce, an equitable action against him for her separate support."

In *State v. Superior Court,* 85 Wash. 72, it is said in the body of the opinion: "It is the settled law of this state that an action for separate maintenance may be maintained by a wife, though we have no statute upon that subject."

In this case the husband by his misconduct entitles the wife to separate maintenance, and it is for the court to say whether it will grant a divorce from the bonds of matrimony, or decline. We decline.

The judgment of the district court is

AFFIRMED.

LETTON, J., not sitting.

FAWCETT, J., concurring separately.

I cannot concede that in divorce cases the courts are invested with full equitable powers. The marriage relation cannot be severed, interrupted or abridged except as expressly provided by statute. No divorce can be granted, either absolute or from bed and board, except for the causes and in the forum provided by statute. Section 1567, Rev. St. 1913, sets forth the grounds for which an absolute divorce may be granted. Section 1568 sets forth the grounds for which either an absolute divorce or one from bed and board may be granted. I seriously question the power of the court to grant a divorce from bed and board upon any of the grounds

set forth in section 1567, but freely concede that it may, in its sound discretion, grant a divorce, either absolute or from bed and board, for the causes set forth in section 1568. The petition of plaintiff alleges grounds appearing in both sections, but the prayer of her petition clearly asks for relief under section 1568. As her petition alleges grounds which would entitle her to relief under that section, and the proof is sufficient to sustain those allegations, I concur in the judgment of affirmance.