Dellcena Hartshorn, appellee, v. David Hartshorn,
appellant.

Filed May 15, 1920.   No. 21027.

1. Divorce: Extreme Cruelty. A continuing course of conduct on the
part of either spouse, which so grievously wounds the mental
feelings or which so utterly destroys the peace of mind as to
seriously impair the bodily health and endanger the life or reason
of the other, or which nullifies the legitimate ends and objects
of matrimony, constitutes extreme cruelty within the meaning of
the statute.

2. Evidence examined, and *held* to support the decree.

Appeal from the district court for Lancaster county:
Willard E. Stewart, Judge. *Affirmed.*

*R. J. Greene,* for appellant.

*Clifford L. Rein, contra.*

Morrissey, C. J.

Defendant appeals from a decree of the district court
for Lancaster county, awarding plaintiff an absolute
divorce and the custody of their minor children. The
decree also covers a property settlement, but the only
matter presented by the record for our consideration is
the sufficiency of the evidence to warrant the court in
granting a divorce.

The decree is based upon an allegation of extreme
cruelty. The parties have been married for nearly 30
years, and are the parents of eight living children. Their
domestic differences have extended over a period of
more than 20 years. Plaintiff testified to having been
driven from home by defendant, to his frequent out-
bursts of passion, and to his use, at such times, of vile
and indecent language. In this we think she is suffi-
ciently corroborated, notwithstanding the denial of de-
fendant. Plaintiff also testifies to defendant having

struck her with a clothes basket.  There is no corroboration of this, however; but, to constitute extreme cruelty within the meaning of the statute, it is not necessary that one spouse be shown to have actually assaulted the other.  The use of vile epithets, rude conduct, and a demeanor which leads to a disturbance of the peace of mind of the other spouse may, in its consequences, inflict greater pain and suffering than an occasional act of personal violence.  A continuing course of conduct on the part of either spouse, which so grievously wounds the mental feelings or which so utterly destroys the peace of mind as to seriously impair the bodily health and endanger the life or reason of the other, or which nullifies the legitimate ends and objects of matrimony, constitutes extreme cruelty within the meaning of the statute.

Plaintiff's testimony is for the most part denied by defendant, but the preponderance of the evidence supports her contention, and the decree is

AFFIRMED.

ROSE and FLANSBURG, JJ., not sitting.