GERTRUDE SANFORD, APPELLEE, v. CARL CLIFFORD SANFORD, APPELLANT.

115 N. W. 2d 451

Filed May 25, 1962. No. 35189.

Harry Grimminger, for appellant.

*Wellensiek & DeBacker,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

CARTER, J.

This is a suit commenced by Gertrude Sanford to obtain a divorce from bed and board from her husband Carl Clifford Sanford. The defendant cross-petitioned for an absolute divorce. The trial court dismissed defendant's cross-petition and granted plaintiff a divorce from bed and board. A division of property and an allowance of support money to the wife was decreed. The defendant has appealed. The defendant assigns as error the alleged excessiveness of the allowances made to the plaintiff.

The parties were married on October 18, 1931. They have no children other than an adopted son now 25 years of age. The parties separated on October 17, 1959, because of defendant's relationship with another woman. The details need not be recited here. The evidence sustains the granting of a divorce from bed and board to the plaintiff and the dismissal of defendant's cross-petition for an absolute divorce. No complaint is made of these findings by the trial court.

The parties owned a home valued at $14,000, of which approximately $860 remains unpaid. They have a savings account of $5,900. Defendant owns life insurance policies having a cash surrender value of $3,091. Plaintiff owns life insurance policies having a cash surrender value of $872. The furniture contained in the home was not valued. The total value of the property owned by the parties, exclusive of an automobile and household furniture, amounts to approximately $23,003.

The trial court awarded the automobile to defendant and the household furniture to the plaintiff. Other property of the value of $17,712 was awarded to plaintiff. Property of the value of $5,291, in addition to the auto-

mobile, was awarded to defendant. Plaintiff was awarded support money in the amount of $130 per month for 16 months and $80 per month until the defendant attains the age of 65 years.

Plaintiff was 49 years of age at the time of trial. She was employed in the millinery department of a retail store at a gross salary of $50 per week and take-home pay of $39.40. She estimated her living expenses at $181 per month in addition to the payments of $75 per month on the home property. She has sustained two surgical operations for cancer of the breast and suffers from an asthmatic condition.

Defendant is employed by the Sperry-Hutchinson Green Stamp Company at a gross salary of $325 per month plus a commission, which returned a gross income of $7,400 in 1960.

It is upon the foregoing state of facts that defendant contends that the division of property and allowance of support money is inequitable.

The present case is one to obtain a divorce from bed and board, the effect of which is to obtain separate maintenance for the wife. While the courts have the power, when justice and equity require, to make a division of property and grant support money to the wife, a division of property is not ordinarily necessary to accomplish the purpose of such a suit. In Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156, we said: "A divorce from bed and board is in the nature of a conditional decree, leaving the legal status of the parties unchanged in many respects but relieving both parties from all obligations and rights to cohabitation while making the necessary adjustments of their property to assure support during the continuance of the relationship. It was not intended that the parties in a limited divorce would have all the benefits of an absolute divorce except the legal dissolution of the marriage." See, also, Shomaker v. Shomaker, 166 Neb. 164, 88 N. W. 2d 221; Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686. A spouse who has no

grounds for a divorce will not be permitted to obtain all the benefits of a final decree of divorce by the expedient of a suit for a divorce from bed and board. Nor will the defendant in such an action, who has violated the marriage contract, be thus permitted to gain all the advantages of an absolute divorce, except the severance of the marriage tie.

The evidence in the present case will not sustain a finding that all the benefits of an absolute divorce should be decreed, other than the severance of the contract of marriage. After the awarding of divorce from bed and board, the parties remain husband and wife. The primary purpose of the decree is to permit the parties to live apart and to provide for the maintenance of the wife while the marriage relation exists. While the court has the power to adjust all property rights between the parties in a suit for divorce from bed and board, it will do so only to the extent necessary to provide for the separate maintenance of a party entitled thereto.

We think the trial court exceeded the necessities of the case in granting a complete division of property. The proper decree should be as follows: The home described in the record should remain the property of the parties. Plaintiff should be granted the use of the home and the furnishings contained therein. The defendant should be required to pay the taxes, maintenance, and payments on the home as they become due or as needed, as the case may be. The defendant will have the use of the family automobile. The savings account should remain the joint property of the parties and be withdrawn by mutual agreement. The defendant shall be required to pay $125 per month as support money for the plaintiff during the continuance of the marriage relation. The decree of the district court is reversed and the cause remanded with instructions to enter a decree in accordance with this opinion, together with adequate provisions to protect the rights of the

parties. The costs of this appeal are taxed to the defendant, including an attorneys' fee of $200 for plaintiff's counsel in this court.

REVERSED AND REMANDED WITH DIRECTIONS.