MURIEL R. CHIPMAN, APPELLEE, v. DALLAS V. CHIPMAN,
APPELLANT.
118 N. W. 2d 761
Filed December 28, 1962.  No. 35291.

Norval Bros., for appellant.

Ivan A. Blevens, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE,
YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SIMMONS, C. J.

This is an action for divorce, alimony, child support,
and a division of property.  Plaintiff pleaded "extreme
cruelty" as a cause for divorce without any allegation
other than that phrase.

Defendant filed, in effect, a general denial and prayed
for the custody of the children.

At the beginning of the trial, it was stated that plain-
tiff's petition for divorce and child custody would not

be contested; and that the parties had "been unable to settle their differences so far as property rights, alimony and child support were concerned." In short, the parties told the court that only a "prima facie" case for divorce and child custody would be made and that the contested issue would be limited to the property phases of the divorce.

Trial was had. The court granted the plaintiff an absolute divorce and the custody of the children, with rights of visitation to the defendant; allowed child support and alimony; and made a property division. The defendant's attorney withdrew as counsel the day the decree was entered. Defendant then employed present counsel. He presents here on appeal error in the granting of the divorce and error in awarding an excessive amount of alimony. Plaintiff states here that only the question of alimony and property division is involved in this appeal. She relies on the agreement made before the trial.

We reverse the decree of the trial court and remand the cause of action with directions to dismiss.

There were four children born to this union, three of whom are at home, one is married and lives separately.

The parties were married while defendant was in veterinary school. Plaintiff worked before and after the first child came and contributed to the support of defendant. Apparently, defendant, early in the marriage period, began the practice of his profession at Seward. There a home was built and improved. With the exception of several small payments by plaintiff, defendant paid off the mortgage on the home and furnished it. At the time of the trial, the taxes were delinquent 2 years.

Defendant moved his veterinary offce to Milford. About 8 years before the trial, he went on vacation and did not return to live at the family home in Seward. He has paid for board and room at one place in Milford for 7½ years. No improper conduct is shown.

During this period of time, defendant returned home once a week, purchased groceries on a list prepared by plaintiff, repaired appliances, did other chores, and visited with his children. How long he stayed at home on week-ends does not appear.

On several occasions, he took the family on vacations, one of which was a week's duration. The relation of the plaintiff and defendant on these vacations does not appear.

Defendant conducted some farming operations at Milford. On occasion the boys would visit him there. He paid them for their labor and in that way provided some spending money. He gave the children money at birthdays and Christmas.

For the last several years plaintiff worked and contributed her earnings to the family support. Money has been scarce at times.

The only corroboration which plaintiff offers is the testimony of one son who testified that his father had not lived at home for 8 years; that his mother had worked during that time; that there were times when the family was short of money; that the defendant came home about once a week and bought "some groceries and things"; and that defendant usually paid him when he worked for him.

Section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions, or admissions of the parties, but the court shall, *in all cases*, require other satisfactory evidence of *the facts* alleged *in the petition* for that purpose." (Emphasis supplied.)

The only fact alleged in the petition is the conclusion of extreme cruelty.

Divorces by consent or collusion are not grantable in this state. The statute above quoted controls the power of the trial court and this court. Where it appears to a trial court that the required evidence is absent, it becomes the duty of the trial court to deny the divorce.

When that is not done, on appeal here, it becomes our duty to deny a divorce.

A general rule in the determination of whether or not a ground for divorce has been established is that acts asserted as grounds for divorce must be corroborated. Ivins v. Ivins, 171 Neb. 838, 108 N. W. 2d 99.

In Spray v. Spray, 156 Neb. 774, 57 N. W. 2d 926, we held: "The statutory rule that no decree of divorce and of nullity of a marriage shall be made solely on the declaration, confessions, or admissions of parties, but the court shall, in all cases, require other satisfactory evidence of the facts alleged in the petition for that purpose has application alike in default and contested cases."

The rule defining extreme cruelty is: "Any unjustifiable conduct by either the husband or the wife which destroys the legitimate ends and objects of matrimony constitutes extreme cruelty as defined in section 42-302, R. R. S. 1943." Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156.

The corroborated evidence here falls far short of the establishment of extreme cruelty.

We have held: "In an action for divorce, even where there is no appearance by the defendant, the trial judge must be satisfied that the case is prosecuted in good faith and without collusion, and that a cause of action exists. He is not bound to accept as conclusive, in all cases, the testimony of the plaintiff, although corroborated in some minor details." Cummins v. Cummins, 47 Neb. 872, 66 N. W. 858.

The decree of the trial court is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED.