VELMA MERCER, APPELLANT AND CROSS-APPELLEE, V.
ROBERT E. MERCER, APPELLEE AND CROSS-APPELLANT.
162 N. W. 2d 230

Filed November 1, 1968. No. 36928.

Nelson, Harding, Leonard & Tate and Richard H. Williams, for appellant.

Perry, Perry, Sweet & Witthoff, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ.

BOSLAUGH, J.

The plaintiff, Velma Mercer, commenced this action to obtain a limited divorce from the defendant, Robert E. Mercer. By cross-petition the defendant requested an absolute divorce. The trial court found against the parties and dismissed both the petition and the cross-petition. Both parties filed motions for new trial which were overruled. The plaintiff has appealed and the defendant has cross-appealed.

The evidence shows that the parties were married in 1945. They had five children, four of whom are living

at home. The defendant owns and operates an automobile dealership at Hickman, Nebraska.

The parties commenced having difficulties in November 1966. The plaintiff testified that the defendant became nervous, irritable, and very critical of the plaintiff; that the defendant told her that he did not love her any more and that she was mentally inferior to him; that he began staying away from the family home until late at night; and that on their wedding anniversary, April 11, 1967, the defendant asked the plaintiff for a divorce. A trial separation took place in January 1967, and the defendant was away from home again in May 1967. The parties finally separated in August 1967, and this action was filed several days later. There was substantial corroboration of the plaintiff's testimony.

The defendant testified that he was harassed and nagged by the plaintiff and that she interfered with his disciplining of the children. The defendant also testified about alleged unjust accusations made by the plaintiff, but there was no substantial corroboration of his testimony.

The statutes of this state provide that a divorce from bed and board may be decreed for the cause of extreme cruelty. § 42-302, R. R. S. 1943. Any unjustifiable conduct which destroys the legitimate ends and objects of matrimony constitutes extreme cruelty. Scholz v. Scholz, 172 Neb. 184, 109 N. W. 2d 156.

A divorce from bed and board is in the nature of a conditional decree, leaving the legal status of the parties unchanged in many respects but relieving both parties from all obligations and rights to cohabitation while making the necessary adjustments of their property to assure support during the continuance of the relationship. Scholz v. Scholz, *supra*. It is a complete and permanent separation of the parties without a legal dissolution of the marriage. Kehr v. Kehr, 173 Neb. 532, 114 N. W. 2d 26, 6 A. L. R. 3d 463.

Where one party has prayed for a divorce from bed

and board and has adduced sufficient proof duly corroborated in support thereof, and in the same action the other party has prayed for an absolute divorce but has not adduced sufficient proof duly corroborated in support thereof, the trial court has no discretion in granting the remedy but must grant the divorce from bed and board as prayed. Shomaker v. Shomaker, 166 Neb. 164, 88 N. W. 2d 221. See, also, Yost v. Yost, 143 Neb. 80, 8 N. W. 2d 686; Pick v. Pick, 99 Neb. 433, 156 N. W. 769.

The trial court refused to grant the plaintiff any relief but was of the opinion that the plaintiff's evidence was sufficient to establish a prima facie case. From our review of the record we conclude that the evidence is sufficient to entitle the plaintiff to the relief requested.

Although the court has the power to adjust all property rights between the parties in a suit for divorce from bed and board, it will do so only to the extent necessary to provide for the separate maintenance of the party entitled thereto. Sanford v. Sanford, 173 Neb. 835, 115 N. W. 2d 451. This rule is particularly applicable where, as in this case, there appears to be some possibility of an eventual reconciliation of the parties.

An appraiser appointed by the trial court determined that the defendant had a net worth of $124,532.22 and an average net annual income from his business of approximately $16,000. The plaintiff had been employed as a nurse's aid with take-home pay of approximately $180 per month, but at the time of the trial this employment had been terminated for medical reasons.

The plaintiff has continued to live in the family home with the children during the litigation. During the pendency of the appeal the parties stipulated that defendant would pay the sum of $140 per week to the plaintiff plus all mortgage payments on the family residence, including interest, taxes, and insurance, and maintain Blue Cross insurance. We think this arrangement should be continued until the further order of the court.

That part of the judgment of the district court dismissing the petition of the plaintiff is reversed and the cause remanded with directions to enter a judgment granting the plaintiff a limited divorce in conformity with this opinion. All costs of the action, including a fee in the amount of $1,500 for the services of the plaintiff's attorney in the district court and in this court, are taxed to the defendant.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.