IDA M. SIMS, APPELLANT, V. IRVIN SIMS, APPELLEE.
176 N. W. 2d 683

Filed April 24, 1970. No. 37484.

Andrew J. McMullen, for appelant.

Nye, Wolf & Hove, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

In this divorce action, the district court dismissed the plaintiff wife's petition at the close of her evidence because of lack of corroborating testimony. We reverse the judgment of the district court and remand the cause for a new trial.

Our statute, section 42-335, R. R. S. 1943, provides: "No decree of divorce and of the nullity of a marriage shall be made solely on the declaration, confessions or admissions of the parties, but the court shall, in all cases, *require other satisfactory evidence* of the facts alleged in the petition for that purpose." (Emphasis supplied.)

The plaintiff's alleged statutory ground was "extreme" cruelty (section 42-302, R. R. S. 1943). The term itself is broad and indicates a considerable latitude for the exercise of judicial interpretation. Our definition has been consistent and well established. A continuing course of conduct which so grievously wounds the mental feelings or so utterly destroys the peace of mind so as to nullify or destroy the legitimate objects and ends of matrimony constitutes "extreme cruelty" within the meaning of the statute. Hartshorn v. Hartshorn, 104 Neb. 561, 178 N. W. 186; Chipman v. Chipman, 174 Neb. 584, 118 N. W. 2d 761; Ross v. Ross, 174 Neb. 795, 119 N.

W. 2d 495; Benton v. Benton, 180 Neb. 759, 145 N. W. 2d 576; Mercer v. Mercer, 183 Neb. 515, 162 N. W. 2d 230.

The parties were married on January 27, 1966, for the second time. The prior divorce had been granted to the plaintiff on evidence of excessive drinking and physical abuse. The present action was filed on June 9, 1969, alleging extreme cruelty on the part of the defendant. Plaintiff testified that the defendant had begun drinking again, had abused her by calling her vile names, and had embarrassed her with her friends and her relatives by his drunkenness and actions. Plaintiff also testified that defendant went to the neighbor's home when he was drunk, his actions embarrassed her, and such action made it impossible for plaintiff to live with him; and that the defendant threatened to have his daughter beat her up.

Some of the corroborating witnesses, next-door neighbors of the parties, testified that defendant had, in fact, come to their home and had stumbled around in a manner that would indicate that the defendant had been drinking. At the time, they also testified that they smelled alcoholic liquor on his breath. They further testified that defendant said that his daughter was coming from California to beat the plaintiff up. One witness testified that she had heard the defendant refer to the plaintiff as a "bitch" and further that the defendant complained that the plaintiff would not give him any money. This evidence supported specific allegations in her petition of excessive drinking and cruel and abusive conduct related thereto, repetitive of conduct responsible for the original divorce.

As we summarize it, there was evidence by independent witnesses that the defendant had resumed his excessive drinking habits, had referred to his wife in critical and abusive terms, and had threatened to have his daughter come to beat the plaintiff up. This is "satisfactory" evidence under the statute to support the di-

rect testimony of the plaintiff as to like conduct when they were alone together.

Under our holdings, we know of no requirement that specific and isolated incidents of cruelty be corroborated by the testimony of a physically present third person. Indeed, if this were the rule, corroboration would be almost impossible and easily avoided by the guilty spouse. It is apparent here that the corroborating testimony gave weight to a finding of the *continuous* and repetitive nature of the defendant's conduct, which plaintiff had directly testified to. Moreover, in this case, this conduct was tied in with the previously adjudicated cruel conduct of the defendant resulting in the former divorce decree granted to plaintiff.

The corroboration required in a divorce action depends on facts and circumstances of the particular case. Felton v. Felton, 131 Neb. 488, 268 N. W. 341; Brown v. Brown, 146 Neb. 908, 22 N. W. 2d 148; Green v. Green, 148 Neb. 19, 26 N. W. 2d 299. A general rule as to the *degree* of corroboration cannot be laid down. Schlueter v. Schlueter, 158 Neb. 233, 62 N. W. 2d 871; Read v. Read, 179 Neb. 637, 139 N. W. 2d 829; Benton v. Benton, *supra;* Rickus v. Rickus, 183 Neb. 140, 158 N. W. 2d 540.

The corroborating testimony was "satisfactory" and sufficient to sustain a finding of extreme cruelty under the facts and circumstances of this case. Consequently the dismissal of plaintiff's petition at the close of the presentation of her evidence was erroneous. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.