IDA M. SIMS, APPELLANT AND CROSS-APPELLEE, v. IRVIN SIMS, APPELLEE AND CROSS-APPELLANT.

186 N. W. 2d 491

Filed April 30, 1971. No. 37772.

Andrew J. McMullen, for appellant.

Nye, Wolf & Hove, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Boslaugh, J.

The plaintiff, Ida M. Sims, appeals from a judgment granting her an absolute divorce from the defendant, Irvin Sims, and awarding the defendant a judgment against her in the amount of $6,446.09 less costs and attorney's fees.

This is a second appeal. On the first trial the action was dismissed at the close of plaintiff's evidence. The judgment was reversed and the cause remanded for a new trial in Sims v. Sims, 185 Neb. 479, 176 N. W. 2d 683. No issue is raised on this appeal concerning the divorce granted to the plaintiff.

The parties were married for the second time on January 27, 1966. Previously they had been married to each other and to third parties. On January 26, 1966, the parties entered into an antenuptial agreement in which each party waived all rights in the property of the other except that the defendant was to have the plaintiff's home, her automobile, and $10,000 if he should survive her. The agreement as originally drafted further provided that in the event of a divorce between the parties, the agreement would be void. The defendant objected to this provision and it was lined out before the agreement was executed.

The defendant's answer prayed, in the event a divorce was granted, that a division of property be made in accordance with the agreement. The trial court found that the value of the residence property was $10,000; that the total value of the property due the defendant under the agreement was $20,000; that its present value was $6,446.09; and that the defendant should have judgment against the plaintiff in the amount of $6,446.09.

The plaintiff contends that the trial court erred in making any award of property to the defendant. By cross-appeal the defendant contends that the trial court

should have awarded him $20,000, or $10,000 and the residence.

In White v. White, 112 Neb. 850, 201 N. W. 662, it was held that an antenuptial contract is not a limitation upon the amount of alimony that can be awarded to a wife but that it should be considered with the other evidence in the case. In Kroger v. Kroger, 153 Neb. 265, 44 N. W. 2d 475, an antenuptial agreement was considered in fixing the amount of alimony to be awarded to the wife. The defendant in this case is the husband to whom an award of alimony in the technical sense cannot be made. Greene v. Greene, 49 Neb. 546, 68 N. W. 947; Bristol v. Bristol, 107 Neb. 321, 185 N. W. 972.

The general rule is that an antenuptial agreement containing no provision to the contrary is not affected by a divorce of the parties. As stated in Crise v. Smith, 150 Md. 322, 133 A. 110, 47 A. L. R. 467: "So, the general rule, deducible from the great weight of authority, is that a marriage settlement, which was valid in its formation and which was not fraudulently induced in contemplation of the subsequent marital misconduct, is not abrogated by the divorce of the parties for marital misconduct arising after the marriage, unless the language of the instrument or contract contains an express provision against the conduct in question." See, also, Annotations, 47 A. L. R. 473, 95 A. L. R. 1469.

The circumstances in this case show that the parties intended that the agreement should remain effective in the event of divorce. In the absence of circumstances compelling some other result, this intention should be given effect, but this does not entitle the defendant to an award of property at this time based upon the agreement.

The judgment of the district court is modified by deleting that part which grants the defendant a judgment against the plaintiff in the amount of $6,446.09. As modified, the judgment is affirmed.

AFFIRMED AS MODIFIED.